BEYER v FRATERNAL ORDER OF EAGLES, AERIE NO 668

Docket No. 59634. Submitted November 4, 1982, at Grand Rapids.— Decided February 24, 1983.

On February 14, 1979, the automobile which Carl P. Beyer was driving was struck by a train where the tracks of the Chesapeake & Ohio Railway Company cross Apple Avenue, which at that point is state highway M-46, in the City of Muskegon. Carl P. Beyer died from injuries sustained in the accident. On March 11, 1980, Sandra Beyer, as administratrix of the estate of Carl P. Beyer and next friend of Carl P. Beyer's children, brought a wrongful death action in Muskegon Circuit Court against the Fraternal Order of Eagles, Aerie No. 668, the Chesapeake & Ohio Railway Company, the City of Muskegon and the Muskegon Board of County Road Commissioners. As to the city and the county board, plaintiff alleged that they failed to properly maintain M-46 by failing to remove obstructions and snow accumulations near the intersection of the highway with the railroad crossing. The city in its April 7, 1980, answer admitted that the accident occurred on M-46 but denied any negligence on its part, asserted the decedent's own negligence as an affirmative defense and reserved the right to raise additional affirmative defenses. On April 17, 1980, the county board moved for accelerated judgment on the basis that M-46 is a state trunkline highway and, accordingly, the state rather than the county was liable for a failure to maintain the highway. John H. Piercey, J., granted the county board's motion for accelerated judgment and dismissed with prejudice the suit against the board. On August 19, 1981, following discovery, the city filed a motion for summary judgment based upon governmental immunity, asserting that the state rather than the city was liable by reason of the fact that a state trunkline highway

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 105, 347.

[2] 73 Am Jur 2d, Summary Judgment § 6.

[3] 51 Am Jur 2d, Limitation of Actions § 419.

56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 733.

was involved. Judge Piercey granted the city's motion. Judge Piercey held that the city was not estopped from raising this defense after the statute of limitation against the state had run since the city had done nothing to mislead plaintiff and the plaintiff was aware that she was dealing with a state trunkline highway. A motion for reconsideration was denied. Plaintiff appeals. *Held:*

1. The state has jurisdiction over all state trunkline highways and is liable for all costs and liabilities dealing with the maintenance. A city which contracts with the state to maintain a state trunkline highway is clothed with governmental immunity and is not subject to the statutory exception to such immunity for failure to maintain the highway, because a state trunkline highway is not a highway under the jurisdiction of the city.

2. A motion for summary judgment is the proper motion to raise the defense of governmental immunity in a suit based upon negligence.

3. Since the plaintiff was aware that Apple Avenue at the point of the accident was a state trunkline highway, and since the city in no way misled the plaintiff into believing that the city had jurisdiction over the highway at that point, the city is not estopped from raising the defense of governmental immunity after the statute of limitations had run with respect to any claim against the state.

Affirmed.

1. HIGHWAYS — STATE TRUNKLINE HIGHWAYS — JURISDICTION — NEGLIGENCE — GOVERNMENTAL IMMUNITY — MUNICIPAL CORPORATIONS.

State trunkline highways are within the jurisdiction of the State Highway Department by constitutional mandate, and even though a municipal corporation undertakes by contract the maintenance and repair of a state trunkline highway, the highway is not within the jurisdiction of the municipal corporation; therefore, the statutory exception to the general defense of governmental immunity where a governmental agency fails to keep any highway under its jurisdiction in reasonable repair does not apply in an action brought against the municipal corporation for negligent maintenance of a state trunkline highway, since such highway is not under the control of the municipal corporation (Const 1963, art 5, § 28; MCL 691.1402; MSA 3.996[102]).

2. Negligence — Governmental Immunity — Motions — Summary Judgment — Court Rules.

  A claim of governmental immunity as a defense in a negligence action should be raised through a motion for summary judgment (GCR 1963, 117.2[1]).

3. Highways — Governmental Immunity — Estoppel — Limitation of Actions.

  The failure of a city to assert, prior to the running of the statute of limitations as to the state, that jurisdiction over and liability for a street lies with the state by reason of the street's being a state trunkline highway does not act to estop the city from raising its defense of governmental immunity where the plaintiff was aware of the nature of the street prior to the running of the period of limitations and the city in no way misled the plaintiff as to the nature of the street or as to the city's jurisdiction over or liability for the street.

*White, Spaniola, Stariha, Potuznik, Reider, Brown, Fielstra & Flynn, P.C.* (by *Randall D. Fielstra),* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for the City of Muskegon.

Before: MacKenzie, P.J., and R. M. Maher and C. W. Simon, Jr.,* JJ.

Per Curiam. Plaintiff appeals as of right from the January 29, 1982, order granting defendant City of Muskegon's motion for summary judgment and the trial court's February 16, 1982, order denying plaintiff's motion for reconsideration.

On February 14, 1979, at about 1:09 a.m., plaintiff's husband, Carl P. Beyer, was driving his own vehicle east on M-46, or Apple Avenue, near the intersection with Ambrosia Street in the City of Muskegon. While crossing railroad tracks that intersected M-46, Carl P. Beyer's vehicle was struck by a train. Mr. Beyer died soon after.

* Circuit judge, sitting on the Court of Appeals by assignment.

On March 11, 1980, plaintiff filed her complaint initiating this wrongful death action. She alleged that the City of Muskegon (hereinafter city) failed in its duty to maintain M-46 by failing to remove obstructions and snow accumulations near the intersection with the railroad crossing. Plaintiff made similar allegations against the Muskegon Board of County Road Commissioners (hereinafter board).

On April 7, 1980, defendant city answered admitting that the accident occurred on M-46 but denying any negligence on its part. The city asserted plaintiff's decedent's own negligence as an affirmative defense and asserted the right to raise additional affirmative defenses.

On April 17, 1980, defendant board filed a motion for accelerated judgment. In support of that motion, the board stated:

"1. The accident occurred on M-46 at a C & O crossing.

"2. That M-46 is a state trunkline highway as designated by the Michigan State Highway Department.

"3. In accordance with Michigan statutory authority, counties are relieved of all expenses and legal liabilities arising out of or in the course of construction, improvement, or maintenance of trunkline highways within this state. MCL 250.61 [MSA 9.901].

"4. Pursuant to MCL 250.61, the Board of County Road Commissioners for the County of Muskegon is relieved of all legal liability arising out of the accident occurring on or about February 14, 1979, as alleged in plaintiff's complaint.

"5. That, in addition to being relieved of all legal liabilities pursuant to MCL 250.61, this claim is also barred by the doctrine of governmental immunity as set forth in MCL 691.1407 [MSA 3.996(107)].

"6. Plaintiff has failed to state a cause of action for which relief can be granted."

On May 20, 1980, the trial court granted the board's motion for accelerated judgment and dismissed with prejudice the suit against the board.

Following the above dismissal, the case proceeded to discovery with interrogatories and depositions taken in late 1980. On August 19, 1981, the city moved for summary judgment, GCR 1963, 117, based upon a similar assertion of governmental immunity: "Defendant City of Muskegon is immune from liability because the Michigan State Highway Commission has jurisdiction over M-46, the state trunkline highway involved herein." On January 14, 1982, the trial court filed its opinion granting the city's motion.

On January 22, 1982, plaintiff moved for reconsideration. At the hearing on that motion, the trial judge ruled that only the state was liable, not the city. The trial court was not persuaded by plaintiff's argument that *Robinson v Emmet County Road Comm,* 72 Mich App 623; 251 NW2d 90 (1976), was controlling because the city did not mislead plaintiff about its lack of jurisdiction. The trial court stated that plaintiff knew that she was dealing with M-46, a state highway trunkline, when she filed her complaint. The trial court denied the motion to reconsider.

By statute, governmental agencies are immune from tort liability if the agency was engaged in the exercise or discharge of a governmental function. MCL 691.1407; MSA 3.996(107). A statutory exception to this general immunity is provided in MCL 691.1402; MSA 3.996(102), which states, in part:

"Each governmental agency *having jurisdiction* over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any

governmental agency to keep any highway *under its jurisdiction* in reasonable repair, and in condition reasonably safe and fit for travel, *may recover the damages suffered by him from such governmental agency."* (Emphasis added.)

The state has jurisdiction over all state trunkline highways. Const 1963, art 5, § 28. By statute, the state must incur all maintenance costs and legal liabilities for state trunkline highways, relieving counties, townships, incorporated cities and villages of these responsibilities. MCL 250.61; MSA 9.901. Thus, as this Court has consistently recognized, *Robinson, supra; Bennett v City of Lansing,* 52 Mich App 289; 217 NW2d 54 (1974), despite its contract with the state to maintain M-46, the city was not the appropriate party to sue for damages. Only the state carries that liability.

In *Robinson,* two young people, a brother and sister, were killed in an auto accident on M-131. The defendant county road commission had a contract with the state to maintain that highway when the accident occurred. The plaintiff alleged that the defendant's failure to duly maintain the highway proximately caused the accident that killed her two children.

In *Robinson,* the plaintiff filed her complaint about seven months after the accident occurred. The defendant answered within two weeks and moved for summary judgment alleging the accident-causing defect was on a side-portion of the highway which it had no duty to maintain. The motion was denied. About 21 months after the accident, when discovery and the pretrial were concluded, the defendant filed a motion for summary judgment, GCR 1963, 117.2(1), relying on MCL 250.61; MSA 9.901. The motion was denied because the defendant failed to include an affidavit

specifying the defense it relied upon. Three months later, the defendant resubmitted the motion with a proper affidavit arguing that only the state had jurisdiction over M-131. By that date, the two-year statute of limitations had run against the state. MCL 691.1411(2); MSA 3.996(111)(2). Ultimately, the trial court granted the motion.

The *Robinson* majority recognized that the plaintiff should have filed suit against the State Highway Department in the Court of Claims and that the defendant county road commission had a valid defense. But the *Robinson* majority held that a motion for accelerated judgment was the appropriate pleading for raising the defense of governmental immunity. The Court then recognized the general rule that an incorrectly labeled motion will be considered as if correctly labeled if the nonmoving party is not prejudiced. 72 Mich App 637. *Robinson* held that the defendant's tardy pleading in the form of a motion for summary judgment had prejudiced the plaintiff because the statute of limitations had run against the state. The Court also found that the defendant had misled the plaintiff in its first motion for summary judgment wherein the defendant alleged the road involved was "essentially a local road", but designated a state scenic route. The grant of summary judgment was reversed and the matter remanded to the trial court.

Plaintiff argues that *Robinson* is dispositive here, as defendant in this case also filed its motion for summary judgment after the statute of limitations had run against the state. However, for two reasons this Court concludes that *Robinson* is not dispositive and the trial court should be affirmed. First, a motion for summary judgment is the appropriate pleading for raising governmental im-

munity as a tort defense. *White v Detroit,* 74 Mich App 545, 547; 254 NW2d 572 (1977); *Butler v Wayne County Sheriff's Dep't,* 75 Mich App 202, 203; 255 NW2d 7 (1977); *Dionne v Trenton,* 79 Mich App 239, 241; 261 NW2d 273 (1977); *St Vincent v Michigan,* 86 Mich App 688, 691; 273 NW2d 525 (1978). See, also, *Austin v Romulus,* 101 Mich App 662; 300 NW2d 672 (1980).

Second, even if a motion for accelerated judgment were the proper pleading to raise governmental immunity, the facts in this case would not support the *Robinson* result. Plaintiff in this case has not been similarly prejudiced. Plaintiff obviously knew, or should have known, that M-46 was a state trunkline highway. Plaintiff named Apple Avenue as M-46 in her complaint. Furthermore, plaintiff had notice within weeks after she filed the complaint that only the state had jurisdiction. The board's motion for accelerated judgment raised governmental immunity and relied on all the pertinent statutes. Finally, defendant city never misled plaintiff by stating it had jurisdiction over M-46 or that M-46 was anything but a state trunkline highway.

Therefore, granting the summary judgment was appropriate in this case.

Affirmed. Defendant may tax costs.