SCHEURMAN v DEPARTMENT OF TRANSPORTATION

Docket No. 94117. Submitted April 14, 1987, at Lansing. Decided
    September 9, 1987. Leave to appeal applied for.

   Geraldine Rogocki was struck by a motor vehicle and killed while
    she was attempting to cross an unlighted portion of Eight Mile
    Road in the City of Detroit. Catherine Scheurman, both as
    personal representative of the estate of Geraldine Rogocki and
    individually, filed a wrongful death action against the Depart-
    ment of Transportation in the Court of Claims. The court,
    James T. Kallman, J., granted summary disposition in favor of
    defendant on the ground of governmental immunity, adopting
    as its justification for its decision defendant's arguments that it
    was not responsible for nonfreeway street lighting; that Eight
    Mile Road did not meet the statutory definition of "freeway";
    that the portion of the highway involving street lighting was
    under the city's control and jurisdiction, even though the
    actual highway, a state trunk line, may have been under the
    state's control; and that the utility poles were not part of the
    improved portion of the highway within the meaning of the
    statute which provides an exception to governmental immunity
    for defective highways. Plaintiff appealed.

      The Court of Appeals held:

      1. The state incurs all legal liabilities for state trunk line
    highways, even when a municipality undertakes the responsi-
    bility of maintenance and repair. Defendant therefore is the
    proper party in this case.

      2. The state is responsible for the maintenance and safety of
    the improved portion of state trunk line highways designed for
    vehicular travel. Street lighting necessary for the use of the
    state trunk line highway is an integral part of the improved

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 86 et seq.; 103 et seq.
Liability, in motor vehicle-related cases, of government entity for
    injury, death, or property damage resulting from defect or ob-
    struction in shoulder of street or highway. 19 ALR4th 532.
Liability of governmental entity or public officer for personal injury
    or damage arising out of vehicular accident due to negligent or
    defective design of a highway. 45 ALR3d 875.

portion of the highway necessary for vehicular travel. Defendant therefore is responsible for street lighting of state trunk line highways.

3. Defendant has not been statutorily relieved of responsibility for street lighting at the accident site.

Reversed and remanded for further proceedings.

1. HIGHWAYS — TRUNK LINE HIGHWAYS — LIABILITY.

The state incurs all legal liabilities for state trunk line highways, even when the highways pass through municipalities which undertake the responsibility of maintenance and repair of the highways within their borders.

2. HIGHWAYS — TRUNK LINE HIGHWAYS — STREET LIGHTING.

Street lighting necessary for the use of a state trunk line highway is an integral part of the improved portion of the highway necessary for vehicular travel (MCL 691.1402; MSA 3.996[102]).

3. HIGHWAYS — TRUNK LINE HIGHWAYS.

A statutory scheme or a contract between the state and another governmental unit allocating the burden of costs for maintenance and repair cannot eliminate the state's ultimate responsibility for state trunk line highways under its jurisdiction.

*Sobel, Colton & Giovanni, P.C.* (by *Michael A. Sobel*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Carl K. Carlsen* and *Brenda E. Turner,* Assistant Attorneys General, for defendant.

Before: CYNAR, P.J., and SHEPHERD and B. A. JASPER,* JJ.

SHEPHERD, J. Plaintiff filed a wrongful death action against defendant Department of Transportation in the Court of Claims on February 21, 1984. Defendant moved for summary disposition on March 7, 1986, on the grounds of governmental immunity. The Court of Claims granted defen-

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

dant's motion on June 20, 1986. We reverse and remand for further proceedings.

Plaintiff's decedent, Geraldine Rogocki, attempted to cross eastbound Eight Mile Road on foot at approximately 10:15 P.M. on May 15, 1983. She was apparently intoxicated. She was struck by a motor vehicle and killed. Eight Mile Road is a state trunk line highway. While much of Eight Mile Road is lit, the area where Rogocki attempted to cross had no street lights.

Defendant argued that it was not liable for street lighting within Detroit along "nonfreeway" state trunk line highways. At an evidentiary hearing, M. James Tripp, Detroit Public Lighting Department Supervising Inspector of Overhead Lines and Safety, testified that the city must get defendant's prior approval for placing any street light poles along state trunk line highways within city boundaries. Tripp indicated, however, that to his knowledge defendant had never denied the city a requested permit for street lighting. Tripp's affidavit indicated that the city owns all the lights and poles found elsewhere along Eight Mile Road and pays for the electricity used. David Wilson, a Michigan Department of Transportation Utilities and Permit Engineer, testified that his department reviews requests for lighting along state trunk line highways for safety. Occasionally, his department requests modification of the plans. It makes no recommendations as to type of pole or light wattage, however. The affidavit of Toufic N. Jilbeh, Michigan Department of Transportation Electrical Utilities Leader, confirmed that the city must initiate placement of street lights along that portion of Eight Mile Road and that the city would pay for the installation.

The Court of Claims granted summary disposition for defendant, indicating that it "adopted the

arguments and authorities made by counsel for the Defendant as its own." Defendant's claim was essentially that it was not responsible for nonfreeway street lighting under MCL 247.651b; MSA 9.1097(1b) and that Eight Mile Road did not meet the statutory definition of "freeway" found at MCL 257.18a; MSA 9.1818(1). Moreover, defendant argued that the portion of the highway involving street lighting was under the city's control and jurisdiction, even though the actual highway itself may have been under the state's control. Defendant also argued that the utility poles were not part of the improved portion of the highway within the meaning of MCL 691.1402; MSA 3.996(102).

Plaintiff also sued the City of Detroit on February 24, 1984, in a separate action. It appears that the Wayne Circuit Court granted summary disposition for the city sometime before the hearing in the instant case, apparently after finding that the state had jurisdiction over the area in question. The current status of that case is not in the record.

The state and governmental units are generally immune from tort liability when engaged in the exercise or discharge of a governmental function. MCL 691.1407; MSA 3.996(107). A statutory exception to this immunity exists for defective highways, MCL 691.1402; MSA 3.996(102):

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by

him from such governmental agency. The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, chapter 4 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of 1948. The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel. No action shall be brought against the state under this section except for injury or loss suffered on or after July 1, 1965. Any judgment against the state based on a claim arising under this section from acts or omissions of the state highway department shall be payable only from restricted funds appropriated to the state highway department or funds provided by its insurer.

Defendant admits that Eight Mile Road is a state trunk line highway at the accident site. Defendant has jurisdiction over state trunk line highways. Const 1963, art 5, § 28; *Beyer v Fraternal Order of Eagles, Aerie No 668,* 123 Mich App 492, 497; 333 NW2d 314 (1983). In the instant case, it appears that defendant requires the city to obtain defendant's approval prior to placing street lights along Eight Mile Road. Municipalities retain control over state trunk line highways within their boundaries to the extent that such control pertains to local concerns and is not in conflict with the state's paramount jurisdiction. *Jones v Ypsilanti,* 26 Mich App 574, 580; 182 NW2d 795 (1970). The state, however, must incur all legal liabilities for state trunk line highways, even when the municipality undertakes the responsibility for maintenance and repair. *Beyer, supra.* We thus

believe defendant is the proper party in the instant case.

Defendant contends that MCL 691.1402; MSA 3.996(102) extends state liability only to the "improved portion of the highway designed for vehicular travel," which defendant argues does not include street lighting. We disagree. This Court held in *Zyskowski v Habelmann,* 150 Mich App 230, 239-240; 388 NW2d 315 (1986), that a county had a duty to maintain street lights along a county road. The Court noted that the lighting of a road affects the safety of motorists using the improved portion of the highway and that street lighting may be an integral and necessary part of road design in many urban areas. The Supreme Court has granted leave in *Zyskowski* for a consideration of two issues. One is whether this Court "erred in holding that off-road *ornamental* street lighting is an integral part of the improved portion of the highway designed for vehicular travel as defined by the governmental immunity act" (emphasis added). 426 Mich 865 (1986). It does not appear that ornamental lighting is involved in this case. What is alleged instead is a failure to provide street lighting necessary for the use of the state trunk line highway. We believe the type of lighting alleged here would be an integral part of the improved portion of the highway necessary for vehicular travel, whatever the outcome of *Zyskowski* on appeal.

The Supreme Court's recent decision in *Roy v Dep't of Transportation,* 428 Mich 330; 408 NW2d 783 (1987), does not compel a different result. The Supreme Court held in *Roy* that the MCL 691.1402; MSA 3.996(102) exception to governmental immunity did not apply to an adjacent bicycle path as it was not designed for vehicular travel. We perceive a difference between an adjacent

bicycle path which was designed for bicycle travel and street lighting required for vehicular use of a state trunk line highway. While the light poles may be away from the highway, the illumination itself is on the highway and the question in this case is whether the illumination was sufficient to render the road safe for travel and for pedestrians.[1] As defendant must approve all proposals for street lighting in the area of the accident, we find that defendant has retained control of the highway and has jurisdiction over it within the meaning of MCL 691.1402; MSA 3.996(102).

Defendant also argues that it has been statutorily relieved of responsibility for street lighting at the accident site. Plaintiff, on the other hand, relies on MCL 250.61; MSA 9.901, which provides:

> On and after January 1, 1960, the cost of constructing, improving and maintaining trunk line highways shall be met entirely by the state, and the counties, townships and incorporated cities and villages *shall thereafter be relieved of all expenses and legal liabilities in connection therewith* as imposed by section 21 of chapter 4 and chapter 22 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 and sections 242.1 to 242.8 of the Compiled Laws of 1948. [Emphasis added.]

The pertinent statutory revisions cited in this section were repealed by 1964 PA 170 and replaced by the provisions of MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.*, which now control governmental liability. See *Bennett v Lansing*, 52 Mich

---

[1] We note that the governmental immunity act was recently amended by 1986 PA 175, effective July 7, 1986, to indicate that the term "highway" as used in the act does not include "utility poles." MCL 691.1401(e); MSA 3.996(101)(e). We need not decide whether this new definition also excludes street lighting and associated poles, as the instant case arose before the amendment.

App 289, 292; 217 NW2d 54 (1974). This Court held in *Beyer,* however, that MCL 250.61; MSA 9.901 requires the state to incur "all maintenance costs and legal liabilities for state trunk line highways, relieving counties, townships, incorporated cities and villages of these responsibilities." 123 Mich App 497. We believe that the result would be the same whether liability is imposed under MCL 250.61; MSA 9.901 or because of defendant's jurisdiction over Eight Mile Road within the meaning of MCL 691.1402; MSA 3.996(102).

It appears, however, that another statutory provision relieves defendant of some of the costs associated with state trunk line highways, including street lighting within city limits. MCL 247.651b; MSA 9.1097(1b) provides:

> The state transportation department shall bear the entire cost of maintaining, in accordance with standards and specifications of the department, all state trunk line highways including highways within incorporated cities and villages except that the cost of maintaining additional width for local purposes as provided in section 1c shall be borne by the city or village. For the purposes of this act except for sections 11 and 12, maintaining of state trunk line highways shall include, by way of enumeration but not limitation, snow removal, street cleaning and drainage, seal coating, patching and ordinary repairs, erection and maintenance of traffic signs and markings, freeway lighting for traffic safety in cities and villages having a population of less than 30,000 and the trunk line share of the erection and maintenance of traffic signals, but shall not include street lighting, resurfacing, new curb and gutter structures for widening. On and after January 1, 1970, maintaining of state trunk line highways shall include all freeway lighting for traffic safety.

Defendant maintains that the pertinent portion of

Eight Mile Road is not a freeway as defined in MCL 257.18a; MSA 9.1818(1). Thus, because it is not responsible for street lighting along Eight Mile Road, defendant argues, it is not liable for injuries resulting from the lack of lighting.

The preamble to the state trunk line highway system act, MCL 247.651 *et seq.*; MSA 9.1097(1) *et seq.*, as amended, refers only to various aspects of providing for and allocation of funds and costs associated with the state trunk line highway system. Neither the preamble nor the act refers to governmental immunity or liability. Thus, while MCL 247.651b; MSA 9.1097(1b) affects certain aspects of defendant's responsibility for the cost of maintaining state trunk line highways,[2] it does not affect defendant's legal liability as set forth in MCL 691.1402; MSA 3.996(102) or MCL 250.61; MSA 9.901. Imposition of this liability does not interfere with Detroit's constitutionally mandated reasonable control[3] over its streets, including state trunk line highways within city limits, as discussed in *Jones, supra.* Rather, if local governmental units were not absolved of liability with respect to maintaining state trunk line highways, they would be less willing to undertake the responsibility of maintaining them on behalf of the state. See *Bennett, supra* at 296. Accordingly, we believe defendant is the proper party under MCL 691.1402; MSA 3.996(102).

This is unquestionably a difficult case. The issue is who is responsible for damages for decedent's injuries. Given the vast body of highway statutes

---

[2] We also note, and defendant apparently agrees, that defendant is responsible for at least a portion of the cost of removal or replacement of street lighting when it is involved in "opening, widening, and improving, including construction and reconstruction" of state trunk line highways even within city limits. MCL 247.651c(b); MSA 9.1097(1c)(b).

[3] Const 1963, art 7, § 29.

scattered throughout the compiled laws, we are faced with two separate problems: (1) who bears the cost of maintenance and repairs at the accident site and (2) who is legally liable or immune from suit?

An exception from governmental immunity is provided by MCL 691.1402; MSA 3.996(102) for the governmental agency having jurisdiction over the highway in the case of injuries resulting from the agency's failure to keep the highway in reasonable repair and reasonably safe for travel. It is clear that the accident occurred on a state trunk line highway under defendant's jurisdiction. Accordingly, the exception to governmental immunity applies to defendant. While various statutory schemes regulate who must pay for the costs of highway maintenance and repair, those statutes do not mention governmental immunity and do not affect it. The statutes pertaining to the costs of repairs and maintenance of state trunk line highways have nothing to do with defendant's ultimate responsibility for making sure that the highways under its jurisdiction are safe. A statutory scheme or a contract between governmental units allocating the burden of costs cannot eliminate defendant's ultimate responsibility for state trunk line highways under its jurisdiction. See *Beyer, supra* at 497. We note, however, that our holding does not address the merits of whether street lighting was actually required at the accident site.

Reversed and remanded for further proceedings consistent with this opinion.