ZYSKOWSKI v HABELMANN (ON REMAND)

Docket No. 104465. Submitted November 6, 1987, at Lansing. Decided
      June 6, 1988. Leave to appeal applied for.

      Plaintiff, Edwin Zyskowski, as the personal representative of the
      estate of his deceased son, Bruce Zyskowski, filed a wrongful
      death suit in Wayne Circuit Court against defendants Gerald
      G. Habelmann, the City of Detroit, and the Wayne County
      Board of Road Commissioners. The decedent was struck and
      killed by a motorist while walking on Outer Drive in Detroit's
      River Rouge Park. Plaintiff alleged negligence against the
      motorist, defendant Habelmann, and negligence and inten-
      tional nuisance against defendants city and board of road
      commissioners for their alleged failure to maintain the street
      lights along Outer Drive. At the close of the proofs, the circuit
      court, Roland L. Olzark, J., directed a verdict for the city on
      the negligence count. The jury found no cause of action on the
      remaining negligence and nuisance counts against all of the
      defendants. Plaintiff appealed, and the Court of Appeals re-
      versed with respect to the road commission's negligence only,
      concluding that the county had the duty to repair and main-
      tain the street lighting because the illumination constituted
      part of the improved portion of the highway designed for
      vehicular travel. The trial court's decision was affirmed in all
      other respects. 150 Mich App 230 (1986). The Supreme Court
      vacated the decision of the Court of Appeals and remanded for
      reconsideration of all the issues, including "whether MCL
      41.261; MSA 5.2491 precludes the county road commission from
      maintaining lighting installations within a city or village corpo-
      rate limits, and, if so, whether that preclusion obviates the
      imposition of liability pursuant to MCL 691.1402; MSA
      3.996[102])." 429 Mich 873 (1987).

      On remand, the Court of Appeals held:

      1. The illumination or lack of illumination does not consti-

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 2, 88, 106, 198.
Am Jur 2d, States, Territories and Dependencies §§ 99 et seq.
State's immunity from tort liability as dependent on governmental
      or proprietary nature of function. 40 ALR2d 927.

tute part of the improved portion of the highway designed for
vehicular travel such that the county can be held liable for its
failure to repair and maintain the lighting under the statutory
exception to governmental immunity.

2. MCL 41.261; MSA 5.2491 does not preclude imposition of
liability. The statute deals with the delegation of costs and tax
responsibility between the county and township boards relative
to county road lighting costs.

The judgment of the circuit court is affirmed.

1. COUNTIES — HIGHWAYS — LIGHTING — GOVERNMENTAL IMMUNITY.

The illumination or lack of illumination does not constitute part
of the improved portion of a highway designed for vehicular
travel such that a county road commission can be held liable
for its failure to repair and maintain the lighting under the
statutory exception to governmental immunity (MCL 691.1402;
MSA 3.996[102]).

2. COUNTIES — HIGHWAYS — LIGHTING.

The statute providing for the lighting of county highways was
designed to provide an arrangement for counties and townships
to divide the cost of maintaining lighting along county roads
outside municipal borders; it does not speak to the question of
which governmental entity has a duty to maintain roadways so
that they are reasonably safe for public travel and does not
preclude imposition of liability for failure to maintain lighting
along the highways (MCL 41.261; MSA 5.2491).

*Kelman, Loria, Downing, Schneider & Simpson*
(by *Alan B. Posner*), for plaintiff.

*Dickinson, Brandt, Hanlon, Becker & Lanctot*
(by *Charles A. Pfeffer*), and *Gromek, Bendure &*
*Thomas* (by *Nancy L. Bosh*), of Counsel, for Gerald
G. Habelmann.

*Laurel McGiffert*, Assistant Corporation Counsel,
for City of Detroit.

*Samuel A. Turner*, Wayne County Corporation
Counsel, and *Glen H. Downs*, Deputy Corporation
Counsel, and *James W. Quigly*, Assistant Corpora-
tion Counsel, and *Fitzgerald, Hodgman, Kazul,*
*Rutledge, Cawthorne & King, P.C.* (by *Vincent G.*

*Rabaut, Jr.,* and *Louann Van Der Wiele),* of Counsel, for Wayne County Road Commission.

Amicus Curiae:

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Brenda E. Turner,* Assistant Attorney General, for the Attorney General.

Before: DANHOF, C.J., and SHEPHERD and J. H. GILLIS, JJ.

SHEPHERD, J. This case returns to us on remand and involves an interpretation of MCL 691.1402; MSA 3.996(102), one of the exceptions to governmental immunity to tort liability. Plaintiff appealed a trial court denial of his request for a jury instruction to the effect that the "maintenance of the highway includes maintenance of lighting along the highway." We previously concluded that the county had the duty to repair and maintain the street lighting in this case because the illumination constituted part of the "improved portion of the highway designed for vehicular travel." *Zyskowski v Habelmann,* 150 Mich App 230; 388 NW2d 315 (1986). The Supreme Court vacated our decision and remanded for reconsideration of "all the issues on appeal . . . including, but not limited to, the issue whether MCL 41.261; MSA 5.2491 precludes the county road commission from maintaining lighting installations within a city or village corporate limits, and, if so, whether that preclusion obviates the imposition of liability . . . pursuant to MCL 691.1402; MSA 3.996(102)." 429 Mich 873 (1987).

Plaintiff's decedent was struck and killed by a motorist during the early morning hours of March

15, 1980, while walking on Outer Drive in De-
troit's River Rouge Park. Decedent had a blood
alcohol level of .18 percent at the time of his
death. He was struck by a vehicle driven by defen-
dant Habelmann, who testified that he was driving
between twenty-five and thirty miles an hour
when he simultaneously saw and hit a brown
object that appeared in his path.

The complaint alleged, inter alia, negligence
against the city and the county for their failure to
maintain the street lights along the road. Outer
Drive is a county road over which the county
admitted jurisdiction for maintenance and repair.
According to the lower court testimony, although
the county owns the lights, the city, pursuant to a
1928 agreement, was responsible for the mainte-
nance and relamping of the lights. The lights are
ornamental in nature and style and, according to a
city official, were strictly intended for ornamental
use. At the close of proofs, the trial court directed
a verdict for the city on the negligence issue. The
jury found no cause of action on the remaining
negligence and nuisance counts against all of the
defendants.

On appeal, plaintiff first argued that the trial
court should have instructed the jury "that main-
tenance of the highway includes maintenance of
lighting along the highway." The trial court de-
clined to give the instruction and instead gave the
jury a general instruction that the governmental
agency having jurisdiction of the road had a duty
to maintain the road in reasonable repair "so that
it is reasonably safe and convenient for public
travel." In our previous decision in this matter we
held:

> In effect, the court left the hotly contested issue
> of duty to maintain the lighting to the jury. We

agree with plaintiff that the question of whether the county had a duty to maintain the lighting as part of the maintenance of the road under MCL 691.1402 [MSA 3.996(102)] is a question of law for the court and not a factual issue for the jury. See *Anderson v Macomb Road Comm,* 143 Mich App 735; 372 NW2d 651 (1985), *Moerman v Kalamazoo Road Comm,* 129 Mich App 584; 341 NW2d 829 (1983), *rev'd on other grounds on reh* 141 Mich App 154 (1985). The trial court's failure to make this legal determination requires reversal.

* * *

We conclude that once the county installed the lights along Outer Drive, it assumed a duty to maintain the lights in proper repair. While the reasonableness of the county's actions and the adequacy of the lighting (as well as the cause of the accident) were questions for the jury, the determination of which governmental agency had the statutory duty to repair and maintain the street lighting and whether the lights were part of the "improved portion" of the road were questions for the court. Accordingly the verdict with respect to defendant road commission's negligence must be reversed. [150 Mich App 238, 239-240.]

We affirmed the lower court's decision on all other grounds. 150 Mich App 253.

In general, all governmental agencies are immune from tort liability while engaged in the exercise or discharge of a governmental function. MCL 691.1407; MSA 3.996(107). Plaintiff's claim is based on MCL 691.1402; MSA 3.996(102), the highway maintenance exception:

Sec 2. Each governmental agency having jurisdiction over any highway shall maintain the highway *in reasonable repair so that it is reasonably safe and convenient for public travel.* Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to

keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency. The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, chapter 4 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of 1948. The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend *only to the improved portion of the highway designed for vehicular travel* and shall not include sidewalks, crosswalks or any other installation outside of the *improved portion of the highway designed for vehicular travel.* [Emphasis added.]

At common law, a governmental agency acting in performance of a governmental function was immune from tort liability. Statutes imposing liability in derogation of the common law are to be strictly construed. See *Johnson v Bd of Co Road Comm'rs of Ontonagon Co,* 253 Mich 465, 468; 235 NW 221 (1931); *Tibor v State Highways Dep't,* 126 Mich App 159, 162; 337 NW2d 44 (1983). See also *Ross v Consumers Power Co (On Reh),* 420 Mich 567, 618; 363 NW2d 641 (1984) (noting broad statutory grant of governmental immunity from tort liability limited only by "four narrowly drawn" statutory exceptions). On reconsideration, we are convinced that the language of the § 2 exception to immunity evinces an intent to limit the imposition of tort liability in highway maintenance cases. The first sentence of the statute sets forth the duty in terms of "reasonable repair." Such a phrase suggests that only the physical structure of the road itself was contemplated. Liability extends "only to the improved portion of the highway designed for vehicular travel." We note that this Court has

previously interpreted the exception to include situations related to the physical structure of the roadway, see e.g., *McKee v Dep't of Transportation,* 132 Mich App 714; 349 NW2d 798 (1984) (road shoulder), and traffic signals whose essential function is to control the flow of traffic. See e.g. *Lynes v St Joseph Road Comm,* 29 Mich App 51; 185 NW2d 111 (1970). On reconsideration, we decline to extend the exception to the facts in this case. We therefore hold that the illumination or lack of illumination does not constitute part of the "improved portion of the highway designed for vehicular travel" such that the county can be held liable for its failure to repair and maintain the lighting under the statutory exception to governmental immunity. MCL 691.1402; MSA 3.996(102).

We therefore reverse this aspect of our previous holding. In all other respects, we affirm our previous decision.

Our decision does not rest on MCL 41.261; MSA 5.2491. Our reading of that act indicates that it does not speak to the question of which governmental entity has a duty to maintain roadways so that they are reasonably safe for public travel but, rather, was designed to provide an arrangement for counties and townships to divide the cost of maintaining lighting along county roads outside municipal boundaries. Thus, to answer the only specific question posed by the Supreme Court in its order on remand, the statute does not preclude imposition of liability since the statute deals with the delegation of costs and tax responsibility between the county and township boards relative to county road lighting costs.

The judgment of the circuit court is affirmed.