ALPERT v CITY OF ANN ARBOR

ALPERT v DEPARTMENT OF TRANSPORTATION

Docket Nos. 95766, 96112. Submitted April 21, 1988, at Lansing. Decided October 17, 1988. Leave to appeal applied for.

    Michelle Alpert was struck by an automobile as she attempted to cross Washtenaw Avenue in the City of Ann Arbor at approximately 11:30 P.M. Michelle and Agnes Alpert filed separate actions against the City of Ann Arbor and the Michigan Department of Transportation in Washtenaw Circuit Court seeking damages for the injuries Michelle suffered. Plaintiffs alleged that the lighting on Washtenaw Avenue where the accident occurred was inadequate to ensure reasonable safety for public travel. The court, Patrick J. Conlin, J., granted summary disposition in favor of the City of Ann Arbor on the basis that Washtenaw Avenue at the location of the accident is a state trunkline highway under the exclusive jurisdiction of the State of Michigan. In addition, the court, sitting as the Court of Claims, denied the Department of Transportation's motion for summary disposition, ruling that Washtenaw Avenue at the location of the accident is a state trunkline highway over which the state has exclusive jurisdiction and responsibility for maintenance and that the state is not entitled to governmental immunity from liability for injuries caused by its failure to maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Plaintiffs appealed from the ruling in favor of the City of Ann Arbor, and the Department of Transportation appealed from the ruling denying its motion for summary disposition. The appeals have been consolidated.

    The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 64 *et seq.*

Liability, in motor vehicle-related cases, of governmental entity for injury, death, or property damage resulting from defect or obstruction in shoulder of street or highway. 19 ALR4th 532.

Placement, maintenance, or design of standing utility pole as affecting private utility's liability for personal injury resulting from vehicle's collision with pole within or beside highway. 51 ALR4th 602.

1. The circuit court did not err in granting summary disposition in favor of the City of Ann Arbor. Only the state is liable for state trunkline highways.

2. The illumination or lack of illumination does not constitute part of the improved portion of the highway designed for vehicular travel such that the state can be held liable for its failure to repair and maintain the lighting under the statutory exception to governmental immunity. The court erred in finding that the defective highway exception to the governmental immunity act precluded a grant of summary disposition in favor of the Department of Transportation. The court's decision as to the Department of Transportation is reversed.

Affirmed in part and reversed in part.

1. HIGHWAYS — STATE TRUNKLINE HIGHWAYS — JURISDICTION — NEGLIGENCE — GOVERNMENTAL IMMUNITY — MUNICIPAL CORPORATIONS.

State trunkline highways are within the jurisdiction of the State Highway Department by constitutional mandate, and even though a municipal corporation undertakes by contract the maintenance and repair of a state trunkline highway, the highway is not within the jurisdiction of the municipal corporation; therefore, the statutory exception to the general defense of governmental immunity where a governmental agency fails to keep any highway under its jurisdiction in reasonable repair does not apply in an action brought against the municipal corporation for negligent maintenance of a state trunkline highway, since such highway is not under the control of the municipal corporation (Const 1963, art 5, § 28; MCL 691.1402; MSA 3.996[102]).

2. HIGHWAYS — STATE TRUNKLINE HIGHWAYS — LIGHTING — GOVERNMENTAL IMMUNITY.

The illumination or lack of illumination does not constitute part of the improved portion of a state trunkline highway designed for vehicular travel such that the state can be held liable for its failure to repair and maintain the lighting under the statutory exception to governmental immunity (MCL 691.1402; MSA 3.996[102]).

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith*), for plaintiff.

*R. Bruce Laidlaw,* for the City of Ann Arbor.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, and *Brenda E. Turner,* Assistant Attorney General, for the Department of Transportation.

Before: KELLY, P.J., and SULLIVAN and M. J. SHAMO,* JJ.

KELLY, P.J. These cases are consolidated on appeal. Plaintiffs brought separate actions against the City of Ann Arbor and the Michigan Department of Transportation. Plaintiffs also brought an action against the driver and the owner of the car that struck plaintiff Michelle Alpert; however, that action is not part of this appeal.

The trial court entered an order granting the City of Ann Arbor's motion for summary disposition which plaintiffs are now appealing. The trial court, acting as the Court of Claims, denied the MDOT's motion for summary disposition, and the state appealed. These are the two consolidated actions. We affirm in part and reverse in part.

On April 26, 1984, at approximately 11:30 P.M., University of Michigan student Michelle Alpert attempted to walk across Washtenaw Avenue, just north of Hill Street, in the City of Ann Arbor. This section of Washtenaw Avenue has four lanes, two southbound and two northbound, and runs through a residential area consisting of homes, fraternity and sorority houses, and churches. While standing near the double yellow line in the middle of the road, waiting for southbound traffic to clear, Michelle was struck by a northbound car and suffered severe injuries.

In their suits against the MDOT, and later the City of Ann Arbor, plaintiffs essentially alleged that the lighting on Washtenaw Avenue where the

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

accident occurred was inadequate to ensure reasonable safety for public travel. The portion of Washtenaw Avenue at issue did have street lights. However, plaintiffs argued that the artificial light provided was below safety standards. The driver of the car alleged that he did not see plaintiff until it was too late to avoid her.

The state and all governmental units are generally immune from tort liability when engaged in the exercise or discharge of a governmental function. MCL 691.1407; MSA 3.996(107). The Supreme Court has recognized four statutory exceptions to the broad grant of immunity given to governmental units by the governmental immunity act. MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.* See *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 593-594; 363 NW2d 641 (1984). The exception at issue here is the defective highway exception of MCL 691.1402; MSA 3.996(102), which provides:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency. The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, chapter 4 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of 1948. The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any

other installation outside of the improved portion of the highway designed for vehicular travel. No action shall be brought against the state under this section except for injury or loss suffered on or after July 1, 1965. Any judgment against the state based on a claim arising under this section from acts or omissions of the state highway department shall be payable only from restricted funds appropriated to the state highway department or funds provided by its insurer.

It is undisputed that Washtenaw Avenue is a state trunkline highway. In *Beyer v Fraternal Order of Eagles, Aerie No 668,* 123 Mich App 492, 497; 333 NW2d 314 (1983), this Court made clear the following:

The state has jurisdiction over all state trunkline highways. Const 1963, art 5, § 28. By statute, the state must incur all maintenance costs and legal liabilities for state trunkline highways, relieving counties, townships, incorporated cities and villages of these responsibilities. MCL 250.61; MSA 9.901.

This liability is not shifted to another unit of government by way of a contractual maintenance agreement; only the state is liable for state trunkline highways. *Id.* See also *Killeen v MDOT,* 151 Mich App 7; 390 NW2d 676 (1986).

On the basis of this conclusion we find no error in the trial court's decision granting the City of Ann Arbor's motion for summary disposition. We are left then to decide whether the denial of the state's motion for summary disposition was appropriate.

In *Scheurman v MDOT,* 162 Mich App 774; 413 NW2d 496 (1987), a similar fact situation was presented. There, the plaintiff's decedent attempted to cross eastbound Eight Mile Road on

foot, at night, and was struck and killed by an automobile. The plaintiff brought an action against the state based on the facts that Eight Mile Road was a state trunkline highway and the state had failed to provide adequate lighting. Defendant in *Scheurman* contended, as it does here, that MCL 691.1402; MSA 3.996(102) extended state liability only to the "improved portion of the highway designed for vehicular travel" and that did not include street lighting.

The *Scheurman* Court concluded that "the type of lighting alleged here would be an integral part of the improved portion of the highway necessary for vehicular travel." *Scheurman, supra* at 779. In reaching this conclusion the *Scheurman* Court relied in large part on *Zyskowski v Habelmann,* 150 Mich App 230, 239-240; 388 NW2d 315 (1986), vacated 429 Mich 873 (1987). When *Zyskowski* was vacated, the Supreme Court remanded the case back to this Court for consideration of all issues raised on appeal. On remand, the panel in *Zyskowski* did an about-face, concluding "that the illumination or lack of illumination does not constitute part of the 'improved portion of the highway designed for vehicular travel' such that the county can be held liable for its failure to repair and maintain the lighting under the statutory exception to governmental immunity." *Zyskowski v Habelmann (On Remand),* 169 Mich App 98, 104; 425 NW2d 711 (1988). The only real factual difference between *Scheurman* and *Zyskowski* is that the plaintiff's decedent in *Zyskowski* was killed while walking along a county road as opposed to a state trunkline highway.

A third similar fact situation was presented in *Michonski v Detroit,* 162 Mich App 485; 413 NW2d 438 (1987). There, the plaintiff was injured while doing maintenance on a street light, normally

maintained by the City of Detroit, and located next to Woodward Avenue, a state trunkline highway. The state was granted summary disposition on the plaintiff's claim. Because the plaintiff made no argument on appeal concerning the court's granting of the state's motion, the issue of the state's liability was deemed abandoned and not considered.

Although concluding that the trial court was correct in determining that the plaintiff's injury did not arise out of the defendant's (the city's) failure to keep the highway maintained since Woodward Avenue was a state trunkline highway not within the city's jurisdiction, the *Michonski* panel nonetheless concluded summary disposition with regard to the city was improper. This Court concluded that the trial court's determination that the defective highway exception did not encompass a light pole located on a berm (not a sidewalk) was erroneous as a matter of law since, "[i]n contrast to the state and counties, the liability of municipalities under MCL 691.1402; MSA 3.996(102) is not limited to improved portions of highways designed for vehicular travel." *Michonski, supra* at 494, quoting *Davis v Chrysler Corp,* 151 Mich App 463, 469; 391 NW2d 376 (1986).

Section 2 of the governmental immunity act, the defective highway exception to governmental immunity, specifically limits the exception for the state and county to "only . . . the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel." MCL 691.1702; MSA 3.996(102). This limitation of the exception to immunity for the state and counties is in contrast to the liability imposed on

municipalities and other units of government by § 2 of the act.

Section 2 of the act is one of only four narrowly drawn exceptions to the broad grant of governmental immunity given by the act. See *Ross, supra* at 618. See also MCL 691.1407; MSA 3.996(107). In light of the broad grant of immunity, and the narrow exception given where state liability is concerned in § 2 of the act, we agree with the *Zyskowski (On Remand)* decision. We decline to extend the § 2 exception to include street lighting as part of the improved portion of the highway with regard to liability of the state and counties.

Affirmed in part, and reversed in part.