BAKER v WAYNE COUNTY BOARD OF ROAD COMMISSIONERS

Docket No. 107920. Submitted January 16, 1990, at Detroit. Decided
    April 30, 1990.

> Darryl Baker and Brett Bettis were seriously injured when the
> car in which they were riding went out of control and hit a tree
> on the outside of a curve on West Outer Drive in Detroit. Baker
> and Bettis filed a complaint against the Wayne County Board
> of Road Commissioners and the City of Detroit in Wayne
> Circuit Court alleging that defendants were negligent in failing
> to provide adequate warning signs for the curve, failing to
> adequately illuminate the curve, failing to erect guardrails on
> the curve, and failing to remove trees near the curve. The
> court, Kathleen I. MacDonald, J., granted summary disposition
> in favor of the City of Detroit after the board stipulated that
> the improved portion of West Outer Drive was under its juris-
> diction. Plaintiffs agreed to the summary judgment on the
> condition that the court instruct the jury that street lighting is
> within the improved portion of the highway. The jury was so
> instructed. Thereafter, whenever the board raised the issue of
> lighting in any manner, plaintiffs argued, and the trial court
> agreed, that the issue was decided when the city's motion for
> summary disposition was granted. Following trial, the jury
> rendered a verdict in favor of plaintiffs. The county appealed.
>
> The Court of Appeals *held:*
>
> 1. The fact that defendant acquiesced at trial to the court's
> instructing the jury that street lighting is within the improved
> portion of a highway does not waive the issue on appeal. The
> court relied on the only decision on point at that time and,
> under the circumstances, it would have been futile for defen-
> dant to object further. The issue is not waived.
>
> 2. The illumination or lack of illumination does not consti-

REFERENCES

Am Jur 2d, Appeal and Error §§ 404, 545, 553, 700; Highways,
    Streets, and Bridges §§ 405, 406; Judgments § 108; Trial § 489.
Liability of municipal corporation for injury or death occurring
    from defects in, or negligence in construction, operation, or
    maintenance of its electric street-lighting equipment, apparatus,
    and the like. 19 ALR2d 344.

tute part of the improved portion of a highway designed for vehicular travel.

3. Defendant's motion for a directed verdict on the issue whether the tree that plaintiffs' car struck was part of the improved portion of the highway should have been granted. The evidence conclusively shows that the tree is not part of the improved portion of the highway. The trial court erred in taking the motion under advisement until after trial. Because the jury may have considered the tree when it found that the highway was not reasonably safe, the error was not harmless.

4. The trial court's denial of defendant's motion for remittitur was proper, but the issue of damages nevertheless will be retried along with the issue of liability.

5. The jury was adequately informed that plaintiffs' contributory negligence was an issue. Other claimed instructional errors are waived for failure to object in the trial court.

6. The issue whether plaintiffs presented sufficient evidence in support of the claimed negligent failure to illuminate the curve is moot following the determination that lighting is not part of the improved portion of the highway. Even if it were not moot, the issue would be waived because defendant failed to cite authority showing what plaintiffs' prima facie case was and did not explain how the proofs failed.

7. The issue whether the City of Detroit's motion for summary disposition was properly granted is waived because the board failed to provide a record of the hearing.

Affirmed in part, reversed in part, and remanded.

1. COUNTIES — HIGHWAYS — LIGHTING — GOVERNMENTAL IMMUNITY.
    The illumination or lack of illumination does not constitute part of the improved portion of a highway designed for vehicular travel such that a county road commission can be held liable for its failure to repair and maintain the lighting under the statutory exception to governmental immunity (MCL 691.1402; MSA 3.996[102]).

2. APPEAL — PRESERVING QUESTION.
    Once a court has made a ruling on an issue and subsequently precludes any argument as to that issue, the fact that a party fails to object to the court's later rulings on the issue does not waive appellate review as to those later rulings where further objection by the party would have been futile.

3. MOTIONS AND ORDERS — DIRECTED VERDICT — JUDGMENT NOTWITHSTANDING THE VERDICT.
    A motion for a directed verdict or for judgment notwithstanding

the verdict should be granted only where there is no question for the trier of fact, i.e., where all reasonable men would agree that there has been an essential failure of proof.

4. APPEAL — PRESERVING QUESTION.

A mere statement of position without argument or citation of authority is insufficient to bring an issue before an appellate court.

5. APPEAL — PRESERVING QUESTION — TRANSCRIPTS.

The Court of Appeals may consider an issue abandoned on appeal where an appellant fails to provide the Court with a transcript of all proceedings necessary to aid in a review of the alleged error.

*Henry Stancato,* and *Peter J. Parks,* for plaintiffs.

*Samuel A. Turner,* Corporation Counsel, *Glen H. Downs,* Deputy Corporation Counsel, and *Ellen E. Mason,* Assistant Corporation Counsel, for defendants.

Before: HOLBROOK, JR., P.J., and WAHLS and T. M. BURNS,* JJ.

PER CURIAM. Defendant Board of County Road Commissioners of Wayne County (Wayne County) appeals as of right following a July 14, 1987, Wayne Circuit Court jury verdict in favor of plaintiffs Darryl Baker and Brett Bettis on their personal injury claims. We reverse the jury's verdict and remand for a new trial because Wayne County's duty to maintain the improved portion of West Outer Drive in reasonable repair, MCL 691.1402; MSA 3.996(102), does not extend to illumination of the highway or to a tree outside of the highway.

Bettis and Baker were passengers in a car traveling east on West Outer Drive near James Couz-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

ens freeway in Detroit. The driver of the car accelerated to get through a traffic light at James Couzens when the light turned yellow. Almost immediately after James Couzens the highway curves sharply to the left. It was dark out, and the curve was dimly lit. Plaintiffs' speeding car went out of control after entering the curve and struck a tree on the outside of the curve. Plaintiffs were seriously injured.

Plaintiffs filed a complaint in which they alleged that defendant had negligently failed to maintain West Outer Drive in reasonable repair by failing to provide adequate warning signs for the curve, failing to erect guardrails on the curve, failing to adequately illuminate the curve, and failing to remove trees near the curve. Plaintiffs presented evidence on each of these alleged defects at trial. Plaintiffs also presented evidence that the roadway of the curve was improperly banked and that the lane markings in the curve were inadequate.

I

An exception to the general immunity of Wayne County from tort liability imposes a duty on Wayne County to maintain the improved portion of highways under its jurisdiction in reasonable repair. MCL 691.1402; MSA 3.996(102). There is presently a split of authority in this Court on whether this duty requires Wayne County to illuminate improved portions of the highway. See *Zyskowski v Habelmann (On Remand),* 169 Mich App 98, 104; 425 NW2d 711 (1988) (duty does not require county to provide adequate illumination); *Scheurman v Dep't of Trans,* 162 Mich App 774, 779-780; 413 NW2d 496 (1987), lv gtd 432 Mich 890 (1989) (duty requires county to provide adequate illumination); see also *Alpert v Ann Arbor,* 172

Mich App 223, 227-228, 230; 431 NW2d 467 (1988) (noting conflict, and expressly following *Zyskowski [On Remand], supra*). We join this Court's decisions in *Alpert* and *Zyskowski (On Remand)* in "declin[ing] to extend the . . . exception to include street lighting as part of the improved portion of the highway with regard to liability of the state and counties." *Alpert, supra,* p 230.

Plaintiffs argue that this issue was waived because "the county acquiesced at trial in plaintiffs' definition" and the trial court's instruction to the jury which "included lighting within the improved portion" of the highway. We disagree.

Plaintiffs' complaint was originally filed against Wayne County and the City of Detroit. After Wayne County stipulated that the improved portion of West Outer Drive was under its jurisdiction, Detroit moved for summary disposition. Plaintiffs conceded on the condition that the trial court instruct the jury that street lighting is within the improved portion of the highway. Detroit's motion was granted and the jury was instructed according to plaintiffs' request. Thereafter, whenever Wayne County raised the issue of lighting in any manner, plaintiffs argued and the trial court agreed that the issue was decided when Detroit's motion for summary disposition was granted.

The trial court relied on this Court's first decision in *Zyskowski v Habelmann,* 150 Mich App 230, 239-240; 388 NW2d 315 (1986), vacated 429 Mich 873-874 (1987), which was the only decision on point at the time of trial and also posttrial. In that decision, we held that once lighting is installed, the duty to maintain the improved portion of the highway includes a duty to maintain the lighting. *Zyskowski,* 150 Mich App 239-240.

Under the circumstances, we believe that it

would have been futile for defendant to object further. Therefore, the issue is not waived. See *People v Taylor,* 387 Mich 209, 221; 195 NW2d 856 (1972).

II

The evidence in this case conclusively shows that the tree that plaintiffs' car struck was not part of the improved portion of the highway. *Carney v Dep't of Trans,* 145 Mich App 690, 696; 378 NW2d 574 (1985), lv den 424 Mich 889 (1986). Therefore, Wayne County's motion for a directed verdict on this issue should have been granted rather than taken under advisement until after trial. See *Feaheny v Caldwell,* 175 Mich App 291, 299-300; 437 NW2d 358 (1989) (motion for directed verdict or judgment notwithstanding the verdict should be granted where there is an essential failure of proof).

Plaintiffs argue on appeal, as they did in response to Wayne County's motion for judgment notwithstanding the verdict, that defendant was not prejudiced because the issue was not presented to the jury. The trial court agreed. We disagree.

Although the jury was not instructed that the tree was part of the improved portion of the highway, plaintiffs' allegation that Wayne County was negligent for failing to remove the tree, and other fixed objects near the curve, was the subject of substantial evidence and argument at trial. Glaring examples of this are plaintiffs' expert's opinion that the tree "is a nightmare from a traffic safety point of view" and his recommendation that the tree be removed to improve the safety of the road, plaintiffs' extensive cross-examination of Wayne County's expert on whether trees are a concern of proper and safe highway design, and

plaintiffs' closing argument in which plaintiffs repeatedly pointed to the tree while repeating their expert's characterization of it as being in a target position.

Under the circumstances, we cannot conclude that the jury did not consider the tree when it found that the highway was not reasonably safe. Therefore, we conclude that the trial court's error was not harmless. See MCR 2.613(A).

### III

Wayne County's remaining arguments are rejected and merit only summary discussion. First, the trial court's denial of Wayne County's motion for remittitur was proper for the reasons set forth in the trial court's opinion, except for the trial court's passing reference to the "shock the conscience" standard. See *Palenkas v Beaumont Hosp,* 432 Mich 527, 531-533; 443 NW2d 354 (1989). Nevertheless, the issue of damages will be retried along with the issue of liability. See MCR 7.216(A)(7). Second, although one of the negligence instructions erroneously focused solely on Wayne County, the jury was adequately informed by other instructions that plaintiffs' contributory negligence was an issue. See MCR 2.613(A). Other claimed instructional errors are waived for failing to object in the trial court. MCR 2.516(C). Third, the issue whether plaintiffs presented sufficient evidence in support of the claimed negligent failure to illuminate the curve is moot following our determination that lighting is not part of the improved portion of the highway. Furthermore, the issue is waived because Wayne County failed to cite authority showing what plaintiffs' prima facie case was and did not explain how the proofs failed. *People v Battle,* 161

Mich App 99, 101; 409 NW2d 739 (1987). Last, the issue whether Detroit's motion for summary disposition was properly granted is waived because Wayne County failed to provide a record of the hearing. *People v Johnson,* 173 Mich App 706, 707; 434 NW2d 218 (1988).

Affirmed in part, reversed in part and remanded.