ETTER v MICHIGAN BELL TELEPHONE COMPANY

Docket No. 108075. Submitted March 14, 1989, at Detroit. Decided June 29, 1989. Leave to appeal applied for.

   Marc N. Etter was using one of Michigan Bell Telephone Company's unenclosed outdoor public telephones when he was struck by an automobile and injured. Etter filed suit against Michigan Bell and others in Wayne Circuit Court alleging, inter alia, negligence against Bell in its placement of the telephone, in failing to protect phone users from the foreseeable, unreasonable risk of errant vehicles, and in failing to warn telephone users of such hazard. The telephone at issue was in a partially enclosed patio area of a restaurant, 14½ feet away from a seven-lane, straight roadway, and on top of a 7½-inch-high concrete riser. The automobile which struck Etter went out of control, crossed four lanes of traffic, jumped a 4½-inch curb, went across the 14½-foot-wide sidewalk, up the 7½-inch-high concrete riser, struck Etter, tore the telephone from its concrete mooring, and continued another eighteen feet to knock down a wrought iron fence and crash through the front window of the restaurant. Michigan Bell moved for summary disposition on the ground that no genuine issue of material fact existed. The court, Charles S. Farmer, J., denied the motion. Michigan Bell appealed, and the Court of Appeals in an unpublished opinion per curiam affirmed the denial of the motion, noting that discovery was still incomplete and that certain material facts were still in dispute so as to preclude summary disposition. Following completion of discovery, Bell again moved for summary disposition, arguing that reasonable minds could not differ on the issue that the accident in question was not foreseeable and that no duty was owed to plaintiff or breached by Bell. The court again denied the motion. Michigan Bell appealed, contending that plaintiff failed to present sufficient evidence showing that Bell owed a duty to plaintiff.

   The Court of Appeals held:

   Plaintiff presented little or no evidence that the accident in

REFERENCES

Am Jur 2d, Negligence §§ 20-28, 86, 135; Summary Judgment §§ 1-3, 6, 20, 22, 32.

question was foreseeable or that Bell owed plaintiff a duty of care or breached such a duty. Michigan Bell was entitled to summary disposition.

Reversed and remanded for entry of an order granting summary disposition in favor of Michigan Bell.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — FAILURE TO STATE A CLAIM.

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual support for a claim; in ruling on such a motion, the trial court must consider the pleadings, affidavits, depositions, admissions, and other available documentary evidence, give the benefit of doubt to the opposing party, and determine whether the record which might be developed would leave open a material issue of fact upon which reasonable minds could differ.

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — FAILURE TO STATE A CLAIM.

A party opposing a motion for summary disposition pursuant to MCR 2.116(C)(10) may not rest upon mere allegations or denials in pleadings, but must present documentary evidence setting forth specific facts showing that there is a genuine issue for trial (MCR 2.116[G][4]).

3. NEGLIGENCE — DUTY — QUESTIONS OF LAW.

There can be no actionable negligence where there is no legal duty; the question of whether a duty exists is generally a question of law for the court.

4. NEGLIGENCE — DUTY — FORESEEABILITY.

The question whether a duty exists essentially concerns whether the relationship between the defendant and the plaintiff gives rise to any obligation on the defendant's part for the benefit of the plaintiff and depends in part on foreseeability: whether it was foreseeable that the defendant's conduct may create a risk of harm to another person and whether the result of that conduct and intervening causes was foreseeable.

*Bendure & Thomas* (by *Mark R. Bendure*), for plaintiff.

*Charles W. Anderson, III,* and *Frederic L. Wyckoff,* for defendant.

Before: HOLBROOK, JR., P.J., and MICHAEL J. KELLY and CAVANAGH, JJ.

PER CURIAM. Defendant Michigan Bell Telephone Company appeals from a circuit court order denying its motion for summary disposition.

In December of 1983, plaintiff Marc N. Etter was hit by an automobile while using one of Michigan Bell's unenclosed outdoor public telephones. The telephone was located along a straight portion of Grand River Avenue in Detroit, across the sidewalk from the roadway. Grand River Avenue is a seven-lane road at this point. The phone stood on a concrete platform between the sidewalk and the patio area of a restaurant. As plaintiff was using this telephone, Willie Chupp lost control of his automobile while driving on Grand River Avenue. Chupp's car crossed four lanes of traffic, jumped the 4½-inch curb, went across the 14½-foot-wide sidewalk, up the 7½-inch-high phone platform, and struck plaintiff. Plaintiff landed on the hood of Chupp's car, which tore the telephone from its concrete mooring and continued another eighteen feet to knock down a wrought iron fence and crash through the front window of the restaurant. Plaintiff suffered two broken legs and numerous cuts and bruises.

Plaintiff originally sued Chupp, Michigan Bell, the restaurant, and the City of Detroit. Bell is the only remaining defendant in this action. The only remaining count of plaintiff's complaint is in negligence against Bell, which alleges that defendant was negligent in its placement of the telephone, in failing to protect phone users from the foreseeable, unreasonable risk of errant vehicles, and in failing to warn telephone users of this hazard.

Defendant first moved for summary disposition in June of 1985, claiming that no genuine issue of material fact existed. The trial court denied this motion, and this denial was affirmed by another

panel of this Court.[1] That panel noted that discovery was not yet complete and that certain material facts were still in dispute so as to preclude summary disposition. The panel instructed the trial court to follow the rules set forth in *McMillan v State Highway Comm,* 426 Mich 46; 393 NW2d 332 (1986), if defendant later moved for summary disposition after discovery was completed.

After discovery was completed, defendant again moved for summary disposition under MCR 2.116(C)(10). Defendant argued that reasonable minds could not differ on the issue that the accident in question was not foreseeable and that no duty was owed to plaintiff or breached by defendant. The circuit judge denied defendant's motion, stating:

> The Court feels that there are some questions that have been raised that, maybe, a jury should determine. The Court will further leave it up to the trial Judge at the conclusion of Plaintiff's case and in the form of a motion for directed verdict that can be made by Plaintiff at that time, if there is not sufficient evidence to place it in the hands of the jury.
>
> It is a very close question and looking at it in the most favorable light, favor the nonmoving party. The Court will respectfully deny the motions.

Defendant now appeals from this denial of its second motion for summary disposition.

Defendant argues that plaintiff failed to present sufficient evidence showing that defendant owed a duty to plaintiff under the criteria set forth in *McMillan, supra.* Defendant claims that plaintiff

---

[1] *Etter v Michigan Bell Telephone Co,* unpublished opinion per curiam of the Court of Appeals, decided April 8, 1987 (Docket No. 86180).

failed to present evidence that this accident was foreseeable or to present other evidence showing that defendant owed plaintiff a duty, so no genuine issue of material fact existed and defendant was entitled to summary disposition under MCR 2.116(C)(10). We agree and reverse the trial court's denial of defendant's motion.

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual support for a claim. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988). In ruling on such a motion, the trial court must consider the pleadings, affidavits, depositions, admissions, and other available documentary evidence. MCR 2.116(G). The party opposing summary disposition has the burden of proving that a genuine issue of material fact exists. *Dumas,* p 626. The opposing party may not rest upon mere allegations or denials in pleadings, but must present documentary evidence setting forth specific facts showing that there is a genuine issue for trial. MCR 2.116(G)(4). When deciding a motion under MCR 2.116(C)(10), the court must give the benefit of doubt to the opposing party and determine whether the record which might be developed would leave open a material issue of fact upon which reasonable minds could differ. *Dumas,* p 626.

Defendant argues that reasonable minds could not differ that it owed plaintiff no duty of care to prevent this type of accident or injury.

There can be no actionable negligence where there is no legal duty. *Ritter v Wayne Co General Hosp,* 174 Mich App 490, 493; 436 NW2d 673 (1988). The question of whether a duty exists is generally a question of law for the court. *Smith v Allendale Mutual Ins Co,* 410 Mich 685, 714; 303 NW2d 702 (1981), reh den 411 Mich 1154 (1981);

*Ritter, supra,* p 493. In *Smith,* the Court explained:

> It is for the court to determine, as a matter of law, what characteristics must be present for a relationship to give rise to a duty the breach of which may result in tort liability. It is for the jury to determine whether the facts in evidence establish the elements of that relationship. Thus, the jury decides the question of duty only in the sense that it determines whether the proofs establish the elements of a relationship which the court has already concluded give rise to a duty as a matter of law. [410 Mich at 714-715.]

The question of duty essentially concerns whether the relationship between the defendant and the plaintiff gives rise to any obligation on the defendant's part for the benefit of the plaintiff. The question of whether a duty exists depends in part on foreseeability: whether it was foreseeable that a defendant's conduct may create a risk of harm to another person and whether the result of that conduct and intervening causes was foreseeable. *McMillan, supra,* pp 61-62. In *McMillan,* which had a fact situation similar to the one in the instant case, the Supreme Court held that under certain circumstances a defendant could be held liable for the placement of a utility pole next to a highway. The Court went on to explain:

> Upon remand, should the defendant seek a motion for summary disposition based upon a lack of genuine issue of material fact, the trial court may consider such factors as the location of the pole, its proximity to the roadway, the configuration of the roadway, whether the utility company had notice of previous accidents at that location, and whether alternative, less dangerous locations for the pole existed. After considering these factors and any

other factor which may be probative of the issue, the trial court, upon finding that reasonable minds could differ as to whether the defendant acted negligently in the placement of the pole, should place the issue before the jury to decide. [*Id.*, p 64.]

When opposing defendant's motion for summary disposition, plaintiff presented little or no evidence that the accident in question was foreseeable. There were no prior accidents at this location. The only similar accident involving one of defendant's outdoor phones occurred ten years earlier and at a different location. Considering that defendant has over 11,000 outdoor public telephones in this state, this type of accident cannot be said to be foreseeable so as to give rise to a duty on defendant's part.

Review of the record below indicates that plaintiff presented no significant evidence indicating that defendant owed plaintiff a duty of care under the criteria set forth by our Supreme Court in *McMillan*. The location of defendant's pay phone and its proximity to the roadway did not indicate a duty of care or breach of such a duty. The telephone was in a partially enclosed area, 14½ feet away from the road, and on top of a 7½-inch-high concrete riser. Nor would the configuration of the roadway indicate that a greater setback was necessary. At that point, Grand River Avenue was straight, making it unlikely that automobiles would leave the road and run up onto the sidewalk. There were no previous accidents at this location. The only similar accident occurred ten years earlier and at another location six miles away. Nor were alternative, less dangerous locations practical. Placing the telephone away from the street, inside a building for example, might be safer, but this would have put it out of sight from

the roadway and made it far less accessible to the public. Public pay telephones are meant to be visible and accessible to the public; to move this phone to a "safer" location merely due to the slight possibility of an extremely unlikely accident would be uncalled for.

Plaintiff did make a claim in the trial court that defendant's usual practice was to place "bumper posts" around public telephones located in parking lots and driveways. However, plaintiff presented no evidence to indicate that such devices would have significantly lessened the force of impact or could have prevented or mitigated his injuries. The bumper posts are hollow metal posts 2½ inches to 3 inches in diameter which are commonly used to protect pay telephones from impact by slow-moving vehicles. In this case the pay phone in question was mounted on a larger pole anchored in concrete. Willie Chupp's out-of-control automobile tore this telephone out of its concrete base and continued to knock down a wrought iron fence, coming to a stop only when it hit a building. In light of the obvious force of this impact and the absence of any evidence presented by plaintiff that bumper posts could have prevented or lessened the impact, we cannot credit claims as to their ability to prevent this accident. Reasonable minds could not differ on this point.

Plaintiff failed to present sufficient evidence showing that defendant owed a duty of care to overcome defendant's motion for summary disposition. Defendant was entitled to summary disposition under MCR 2.116(C)(10). Since we are reversing this case for a result in defendant's favor, it is unnecessary to consider defendant's remaining issues on appeal.

Reversed and remanded for entry of an order granting summary disposition for defendant.