BROADWELL v DEPARTMENT OF STATE

Docket No. 164384. Submitted May 10, 1995, at Detroit. Decided September 8, 1995, at 9:10 A.M. Leave to appeal sought.

Scott A. Broadwell petitioned the Macomb Circuit Court for review of an order of the Department of State that revoked his driver's license, seeking a stay of that order. The petitioner had been permitted to plead guilty of operating a motor vehicle while under the influence of liquor (OUIL), first offense, by a district court even though he had a Georgia drunk driving conviction within the prior seven years, because the district court found that the Georgia conviction was constitutionally infirm. Despite the ruling of the district court relative to the Georgia conviction and the fact that the petitioner had been permitted to plead guilty of OUIL, first offense, the respondent notified the petitioner that his license was to be revoked for a period of one year pursuant to MCL 257.303; MSA 9.2003. The circuit court, Deborah A. Servitto, J., denied the petitioner's motion for a stay of revocation. The petitioner appealed.

The Court of Appeals *held:*

MCL 257.303; MSA 9.2003 clearly mandates revocation of a driver's license upon the second conviction of OUIL within a seven-year period irrespective of any constitutional infirmity of the prior conviction. Nothing in the provisions of 1991 PA 98, which amended various provisions of the Vehicle Code, has the effect of nullifying the rule in *Matheson v Secretary of State,* 170 Mich App 216 (1988), which held that a constitutionally infirm conviction could form the basis of license revocation pursuant to MCL 257.303; MSA 9.2003. Neither res judicata nor collateral estoppel renders the district court's determination concerning the constitutionality of a prior conviction binding on the respondent in the execution of its statutory duty.

Affirmed.

AUTOMOBILES — DRIVER'S LICENSES — REVOCATION OF DRIVER'S LICENSE.

The Secretary of State is by statute required to revoke a driver's

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 133, 134.
See ALR Index under Driver's Licenses.

license upon the second conviction within a seven-year period of operating a motor vehicle while under the influence of liquor; the statutory mandate is not nullified by the fact that the prior conviction has been found by a court to be constitutionally infirm (MCL 257.303; MSA 9.2003).

*Thomas, DeGrood & Witenoff, P.C.* (by *John J. Hoffman*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Robert J. Berlin,* Chief Appellate Attorney, and *Mark G. Cardellio,* Assistant Prosecuting Attorney, for the respondent.

Before: MARKEY, P.J., and MACKENZIE and C. H. STARK,* JJ.

PER CURIAM. Petitioner appeals as of right from an opinion and order denying his petition for review and motion for a stay of respondent's revocation of his driver's license. We affirm.

Petitioner was arrested for operating a motor vehicle while under the influence of liquor (OUIL) on June 17, 1992. Although this was his second offense, the district court determined that petitioner's prior conviction, a 1986 Georgia drinking and driving conviction, was constitutionally infirm. Petitioner pleaded guilty of OUIL, first offense, and, at sentencing on September 17, 1992, his driver's license was revoked for sixty days and then made subject to restricted use for six months. Petitioner was also placed in a tether program for sixty days, placed on two years' probation, and ordered to pay a fine. Respondent issued an order of action, effectuating the sentence, on September 18, 1992.

On September 22, 1992, respondent issued an-

* Circuit judge, sitting on the Court of Appeals by assignment.

other order of action pursuant to MCL 257.303; MSA 9.2003. This order revoked petitioner's license for a one-year period "because your record contains two or more substance abuse convictions in seven years." One of these convictions was the Georgia conviction that the district court had determined to be unconstitutionally obtained.

At the time respondent revoked petitioner's license, MCL 257.303; MSA 9.2003 read in pertinent part:

> (2) Upon receipt of the appropriate records of conviction, the secretary of state shall revoke the operator's or chauffeur's license of a person having any of the following convictions, whether under a law of this state, a local ordinance substantially corresponding to a law of this state, or a law of another state substantially corresponding to a law of this state:
>
> * * *
>
> (c) Any combination of 2 convictions within 7 years for 1 or more of the following:
> (i) A violation of section 625(1) [OUIL].
>
> * * *
>
> (3) The secretary of state shall revoke a license under subsection (2) notwithstanding a court order [directing the issuance of a restricted license].

On appeal, as in the circuit court, petitioner contends that respondent should not be allowed to use his prior unconstitutional conviction as a basis for revoking his driver's license. The argument is without merit. Under MCL 257.303(2)(c); MSA 9.2003(2)(c), driver's license revocation is mandatory, and a prior OUIL conviction that is determined to be constitutionally infirm on collateral attack can form the basis for the administrative

action of revoking a person's driving privileges. *Matheson v Secretary of State,* 170 Mich App 216; 428 NW2d 31 (1988).

We reject petitioner's claim that an amendment of MCL 257.625b(5); MSA 9.2325(2)(5) in 1991, see 1991 PA 98, alters the holding of *Matheson* by transferring the power to revoke a license to the courts. 1991 PA 98 also supplied the above-quoted language of MCL 257.303(3); MSA 9.2003(3), authorizing the Secretary of State to disregard a court order that accompanies an OUIL conviction. That language is substantively identical to that which *Matheson* construed as allowing constitutionally infirm convictions to form the basis of license revocation by the Secretary of State. It is a well-established principle of statutory construction that the Legislature is presumed to act with knowledge of this Court's statutory interpretations. *Gordon Sel-Way, Inc v Spence Bros, Inc,* 438 Mich 488, 505-506; 475 NW2d 704 (1991). If the Legislature had intended to nullify *Matheson*'s interpretation of MCL 257.303(3); MSA 9.2003(3), presumably it would have done so by amending that statute as part of 1991 PA 98.

Finally, we also reject petitioner's claim that respondent was bound by the district court's ruling under the doctrines of res judicata or collateral estoppel. These doctrines involve the relitigation of the same claim or issue. Such relitigation did not occur here. At issue in the district court was the constitutionality of petitioner's prior conviction. The only issue before the Secretary of State was the number of OUIL convictions—constitutional or not—petitioner had accrued in seven years. Accordingly, the doctrines have no application here.

Affirmed.