ANDREWS v PENTWATER TOWNSHIP

Docket No. 189798. Submitted December 18, 1996, at Lansing. Decided April 1, 1997, at 9:10 A.M.

Vernon J. Andrews and others brought an action in the Oceana Circuit Court against Pentwater Township and others, seeking to vacate, correct, or revise a proposed assessor's plat. The court, Terrence R. Thomas J., following a hearing, approved the proposed assessor's plat without modification. The plaintiffs appealed.

The Court of Appeals *held*:

1. Section 201(1) of the Subdivision Control Act, MCL 560.201(1); MSA 26.430(201)(1), provides that an assessor's plat may be ordered when a parcel or tract of land is owned by two or more persons or when the description of one or more of the different parcels within the area cannot be made sufficiently certain and accurate, or are deemed excessively complicated by the governing body, for purposes of assessment and taxation without a survey and resurvey. In this case, the township's ordering of a new assessor's plat was proper under § 201(1) because there are clear discrepancies between the 1905 plat recorded with the register of deeds and the property owners' current use of their realty.

2. Section 206(1) of the Subdivision Control Act, MCL 560.206(1); MSA 26.430(206)(1), provides that any discrepancies that may be revealed in a survey must be reconciled to conform with the records of the register of deeds as nearly as is practicable, i.e., as nearly as is logically possible or feasible. In this case, the altering of certain roads in the proposed assessor's plat to conform the roads to their current use was not contrary to § 206(1). However, the extension or vacation of roads not evidenced by current usage was improper. The need for an assessor's plat does not give rise to free reign to correct all perceived current and future land-use problems.

3. The surveyor who prepared the proposed plat did not have to survey the plaintiffs' multiply owned lots in a single parcel because although § 204(1) of the Subdivision Control Act, MCL 560.204(1); MSA 26.430(204)(1), requires a surveyor making a plat to survey and lay out the boundaries of each parcel, § 207(1), MCL

560.207(1); MSA 26.430(207)(1), requires the surveyor to merely number each lot.

Affirmed in part, reversed in part, and remanded.

1. Taxation — Assessors' Plats — Reconciliation of Discrepancies — Subdivision Control Act.

Discrepancies revealed in a survey for a proposed assessor's plat must be reconciled to conform with the records of the register of deeds as nearly as is logically possible or feasible (MCL 560.206[1]; MSA 26.430[206][1]).

2. Taxation — Assessors' Plats — Surveys — Subdivision Control Act.

Multiple lots having common ownership that are located in a single parcel must be numbered in a proposed assessor's plat but need not be surveyed (MCL 560.204[1], 560.207[1]; MSA 26.430[204][1], 26.430[207][1]).

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Jeffery V. Stuckey*), for Vernon J. Andrews and others.

*Nicholson & Krusniak* (by *Gary L. Nicholson*), for Pentwater Township and Barnett Surveying, Inc.

Before: McDonald, P.J., and Murphy and M. F. Sapala*, JJ.

McDonald, P.J. Plaintiffs, Vernon J. Andrews, Grace M. Andrews, Angela A. Ryan, and Andrea A. Larkin, appeal as of right from a September 27, 1995, judgment approving defendant Pentwater Township's (Pentwater) proposed assessor's plat. We affirm in part and reverse in part.

Pentwater passed a resolution to prepare an assessor's plat for Pentwater Beach Addition No. 4. After discovering Pentwater's plans to prepare an assessor's plat, plaintiffs filed a complaint seeking to

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

enjoin the implementation of the assessor's plat. The trial court denied plaintiffs relief pursuant to the Subdivision Control Act, MCL 560.101 *et seq.*; MSA 26.430(101) *et seq.* During the time in which plaintiffs were awaiting the resolution of the above-mentioned lawsuit, Pentwater's surveyor, Sammy Barnett, created an assessor's plat, which was filed by Pentwater with the appropriate governmental agency clerk.

Thereafter plaintiffs filed the instant complaint requesting the trial court to vacate, correct, or revise the proposed plat. Following a hearing, the trial court approved the plat without modification or correction.

On appeal, plaintiffs argue the trial court erred in approving Pentwater's proposed assessor's plat. According to MCR 2.613(C), a trial court's findings of fact may not be set aside unless clearly erroneous. *Vivian v Roscommon Co Bd of Rd Comm'rs*, 164 Mich App 234, 238-239; 416 NW2d 394 (1987). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction a mistake has been made. *Id.*

The Subdivision Control Act controls the creation of Pentwater's plat, plaintiffs' objections to the plat, and the trial court's ultimate approval of the plat. The act provides an assessor's plat may be ordered in either of the following conditions:

> (a) When a parcel or tract of land is owned by 2 or more persons.
>
> (b) When the description of 1 or more of the different parcels within the area cannot be made sufficiently certain and accurate, or are deemed excessively complicated by the governing body, for the purposes of assessment and taxa-

tion without a survey or resurvey. [MCL 560.201(1); MSA 26.430(201)(1).]

The governing body of a municipality can order the creation of an assessor's plat by the adoption of a resolution. MCL 560.201(2); MSA 26.430(201)(2). The plat is to be made by a surveyor. MCL 560.202(2); MSA 26.430(202)(2).

Additionally, under the act, the surveyor making the plat is to

survey and lay out the boundaries of each parcel, street, alley or road and dedication or public or private use, *according to the records of the register of deeds* and whatever other evidence that may be available to show the intent of the buyer and seller, in the chronological order of their conveyance or dedication. [MCL 560.204(1); MSA 26.430(204)(1) (emphasis added).]

Furthermore, according to the act, the surveyor making the plat "shall reconcile any discrepancies that may be revealed, so that the plat as certified to the governing body shall be in conformity with the records of the register of deeds *as nearly as is practicable.*" MCL 560.206(1); MSA 26.430(206)(1) (emphasis added).

Plaintiffs make several arguments concerning why the trial court should have rejected Pentwater's proposed assessor's plat. First, plaintiffs claim no discrepancies exist between the 1905 plat on file with the register of deeds and the current use of their property. Thus, plaintiffs argue Pentwater had no authority to create a new assessor's plat. The evidence adduced from the lower court record does not support this contention. Barnett testified the current roads and houses within the subdivision were not

physically located as they were depicted on the 1905 plat. He also testified several houses were built on the roadways as platted in the 1905 plat. Indeed, it appears only one point on the original 1905 plat could be physically located in the subdivision. On the basis of Barnett's unrebutted testimony, the current owners' use of the subdivision property is incongruous with the property as indicated on the 1905 plat. Therefore, because there are clear discrepancies between the 1905 plat and the property owners' current use of the land, Pentwater's ordering of a new assessor's plat was proper under MCL 560.201(1); MSA 26.430(201)(1). The fact some properties within the plat were being used consistently with the plat does not cure the remaining discrepancies and negate the need for an assessor's plat.

Plaintiffs next argue the treatment of roads in the assessor's plat fails to conform to the requirement in MCL 560.206(1); MSA 26.430(206)(1) that the plat conform "as nearly as is practicable" to the records of the register of deeds. We agree in part with plaintiffs' argument. While no Michigan precedent interpreting the statutory language "as nearly as is practicable" exists, statutory language should be construed reasonably, keeping in mind the purpose of the act. *Dep't of Social Services v Brewer*, 180 Mich App 82; 446 NW2d 593 (1989). The Legislature is presumed to have intended the meaning it plainly expressed. *Frasier v Model Coverall Service, Inc*, 182 Mich App 741, 744; 453 NW2d 301 (1990). If the plain and ordinary meaning of the language is clear, judicial construction normally is neither necessary nor permitted. *Lorencz v Ford Motor Co*, 439 Mich 370; 483 NW2d 844 (1992).

We interpret the plain and ordinary definition of "as nearly as is practicable" to mean that an assessor's plat does not have to perfectly reconcile the current use of property with the records of the register of deeds. MCL 560.206(1); MSA 26.430(206)(1). According to Webster's Dictionary, "practicable" can be defined as meaning "possible" or "feasible." *Webster's Third New International Dictionary*, G & C Merriam Company (1970). Thus, the plat prepared by Pentwater's assessor merely needed to conform as nearly as is logically possible or feasible to the 1905 plat. From Barnett's testimony, we conclude it was impossible for certain subdivision roads to have completely conformed to the original plat. Thus, because the statutory language allows roads on the plat to be altered, we hold Barnett's altering of certain roads to conform to their existing use was not contrary to the provisions of the Subdivision Control Act. However, we agree with plaintiffs that the extension or vacation of roads inconsistent with the original plat and not evidenced by current usage was improper. The need for the creation of an assessor's plat does not give the creator free reign to correct all perceived current and future land-use problems. The assessor's plat was to be created to enable the taxing authority to properly assess and collect taxes. As correctly noted by the trial court, the assessor's plat does not act to alter legal marketable title to the properties affected. Filing of the assessor's plat does not vacate the original plat or the rights attendant to it.[1] MCL 560.104; MSA 26.430(104).

---

[1] This does not mean, however, that the assessor's plat may not be used as evidence in some future action for ejectment or to quiet title based on continuous use.

We must also reject plaintiffs' argument the assessor's plat improperly combined their several lots. Plaintiffs contend the combining of their lots on the assessor's plat will force them to undergo the expense of resubdividing their already divided property. This argument is unpersuasive. Plaintiffs' property is still subdivided into lots on the original plat, which, as noted, is not vacated by the filing of the assessor's plat. Moreover, the act does not require the surveyor to survey and lay out the boundaries of each "lot." Instead it requires the boundaries of each "parcel" to be laid out. MCL 560.204; MSA 26.430(204). Lots need only be numbered. MCL 560.207; MSA 26.430(207). Thus, although the assessor's plat should indicate the existence of the lots contained in the original plat by number, the surveyor need not survey each individual lot. The surveying of each individual lot of a parcel owned by the same parties not only does not further the purpose of facilitating the proper assessment and taxation of properties but oftentimes, as here, would be cost prohibitive.

Accordingly, we hold the trial court did not err in finding the creation of an assessor's plat was warranted but remand for modification of the proposed plat consistent with this opinion. We do not retain jurisdiction.

Affirmed in part, reversed in part, and remanded. No taxable costs pursuant to MCR 7.219, neither party having prevailed in full.