BROWN v MICHIGAN BELL TELEPHONE, INC (ON REMAND)

Docket No. 188371. Submitted April 1, 1997, at Lansing. Decided October 10, 1997, at 9:00 A.M. Leave to appeal sought.

Tonya Brown and others brought a negligence action in the Genesee Circuit Court against Michigan Bell Telephone, Inc., and others after Brown and plaintiff Anita Addison were injured when they were struck by a motorist while Brown was using a Michigan Bell pay telephone and Addison was standing nearby. The telephone was one of two located outside a building and was 14½ feet away from a residential street and 45 feet away from a commercial street. The motorist, who had never driven before and was not a licensed driver, crashed into the building, the telephones, and Brown and Addison after losing control of her vehicle while turning from the commercial street onto the residential street. The motorist subsequently pleaded guilty of felonious driving. Michigan Bell moved for summary disposition, arguing that the plaintiffs failed to state a claim on which relief can be granted, because it owed no duty to the plaintiffs inasmuch as the accident was not foreseeable and the motorist's criminal driving was a superseding cause of the plaintiffs' injuries. The court, Thomas C. Yeotis, J., denied the motion. The Court of Appeals denied Michigan Bell's application for leave to appeal. The Supreme Court, in lieu of granting leave, remanded the case to the Court of Appeals for consideration as on leave granted. 450 Mich 853 (1995).

On remand, the Court of Appeals held:

1. Utility companies are charged with a duty to protect against foreseeable harm. A telephone company can be liable for the placement of a pay telephone next to a roadway. Factors considered in determining whether the placement of a pay telephone next to a roadway is negligent include the location of the telephone, its proximity to the roadway, the configuration of the roadway, whether the telephone company had notice of previous accidents at the location, and whether alternative, less dangerous locations existed. Where, after considering these factors and any other that may be probative of the issue, reasonable minds can differ regarding whether a telephone company acted negligently in the placement of a pay telephone, the issue of negligence should be decided by the jury. In this case, the plaintiffs have stated a claim that should be

decided by the jury by alleging in their complaint that there had been previous accidents at the location of the pay telephones, that the defendant knew or should have known of the frequency of the accidents, and that the telephones could have been placed at a safer location.

2. The criminal driving of the motorist was not a superseding cause that relieves the defendant of any duty it may have had. A superseding cause is one that intervenes to prevent a defendant from being liable for harm to a plaintiff that the defendant's antecedent negligence is a substantial factor in bringing about. In order to be a superseding cause, thereby relieving a negligent defendant from liability, an intervening force must not have been reasonable. Here, regardless of the conduct of the motorist, it was foreseeable that an automobile could leave the roadway for a variety of reasons.

Affirmed.

SAAD, P.J., dissenting, stated that shifting the responsibility for the accident in this case from an impecunious criminal wrongdoer to an innocent defendant with resources does violence to the law of negligence, which only imposes reasonable duties, and to the law regarding causation, which mandates the sensible conclusion that the motorist caused the accident, not the defendant telephone company.

1. NEGLIGENCE — TELEPHONE COMPANIES — PAY TELEPHONES NEAR ROADWAYS.

A telephone company may be liable for negligence in connection with the placement of a pay telephone near a roadway where a user of the telephone is struck by a motorist; factors considered in determining whether a company is negligent in choosing a particular placement include the location of the pay telephone, its proximity to the roadway, the configuration of the roadway, whether the telephone company had notice of previous accidents at the location, and whether alternative, less dangerous locations existed.

2. NEGLIGENCE — SUPERSEDING CAUSES.

A superseding cause is one that intervenes to prevent a defendant from being liable for harm to a plaintiff that the defendant's antecedent negligence is a substantial factor in bringing about; in order to be a superseding cause, an intervening force must not have been reasonably foreseeable.

*Robins, Kaplan, Miller & Ceresi* (by *William H. Manning, Brad P. Engdahl,* and *Timothy J. Pramas*),

and *Law Offices of Henry M. Hanflik, P.C.* (by *Henry M. Hanflik*), for the plaintiffs.

*Chasnis, Dogger & Grierson, P.C.* (by *John A. Chasnis*), for the defendant.

ON REMAND

Before: SAAD, P.J., and NEFF and JANSEN, JJ.

JANSEN, J. This case is before this Court on remand from the Supreme Court to consider the appeal as on leave granted. *Brown v Michigan Bell Telephone, Inc,* 450 Mich 853 (1995). Defendant Michigan Bell Telephone, Inc., appeals from a March 24, 1994, order denying its motion for summary disposition pursuant to MCR 2.116(C)(8). We affirm.

The facts of this case are not really in dispute. The incident occurred in the City of Flint on March 28, 1990, at approximately 9:30 P.M. Plaintiffs Tonya Brown and Anita Addison purchased some snacks at Hampton's Party Store. The store was located on the southeast corner of the intersection of Saginaw Street and Russell Street. Defendant[1] Michigan Bell Telephone owned two unenclosed, public pay telephones that were located on the northwest corner of Hampton's Party Store. The telephones were located approximately 14½ feet from Russell Street (a residential street) and approximately 45 feet from Saginaw Street (a commercial street).

After purchasing the snacks, Tonya Brown was using one of the telephones while Anita Addison stood nearby. A car driven by Ruby Greer veered out

---

[1] In this opinion, "defendant" refers solely to Michigan Bell Telephone because Hampton's Party Store is not a party to this appeal.

of control as she attempted to make a left turn from Saginaw Street onto Russell Street. The car struck both Tonya Brown and Anita Addison. Tonya lost the use of both of her legs, and her 8½-month-old fetus (plaintiff Amber Vonetta Brown) was also lost as a result of the accident. Anita Addison suffered severe head injuries, which resulted in permanent brain damage.

Greer subsequently pleaded guilty of felonious driving. Greer had been smoking crack cocaine and drinking alcohol a few hours before the accident. Apparently, an armed robbery had occurred a few blocks north of Hampton's Party Store. Greer, one of the robbery victims, fled the scene in a car. However, not only was Greer intoxicated at the time, but she had never driven a car before and did not have a driver's license. Greer drove south on Saginaw Street for a few blocks at an excessive rate of speed before the car crashed into Hampton's Party Store.

Plaintiffs filed a complaint against Michigan Bell and Hampton's Party Store, asserting claims of negligence and premises liability. Michigan Bell moved for summary disposition pursuant to MCR 2.116(C)(8), arguing that it owed no duty to plaintiffs because the accident was unforeseeable and that Greer's criminal driving was a superseding cause of plaintiffs' injuries. The trial court denied the motion, ruling that defendant had a duty to plaintiffs to safely locate the public telephones, that it was foreseeable that a car would run off the road at the intersection, and that Greer's driving was not an intervening cause operating to extinguish any liability of defendant.

Defendant filed an application for leave to appeal in this Court. This Court denied leave in an unpub-

lished order dated August 10, 1994 (Docket No. 174257). After denying defendant's motion for rehearing of the order in an unpublished order dated September 26, 1994, defendant filed an application for leave to appeal in the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted. 450 Mich 853 (1995).

The trial court denied defendant's motion under MCR 2.116(C)(8). We review de novo the trial court's decision in this regard. *Garvelink v Detroit News*, 206 Mich App 604, 607; 522 NW2d 883 (1994). A motion for summary disposition under MCR 2.116(C)(8) is properly granted if the nonmoving party failed to state a claim upon which relief can be granted. *Simko v Blake*, 448 Mich 648, 654; 532 NW2d 842 (1995). A motion for summary disposition under MCR 2.116(C)(8) is properly granted if the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Simko, supra* at 654. A motion for summary disposition is tested on the pleadings alone, and all factual allegations contained in the complaint must be accepted as true. *Id.*

On appeal, Michigan Bell first argues that it did not owe a duty to plaintiffs. Specifically, defendant argues that it is not reasonably foreseeable that a car will be recklessly operated, leave the roadway, and strike a public telephone adjacent to a building; that it is not reasonably foreseeable that an accident will occur where there is no allegation of a prior accident or injury to users of the public telephone; and that plaintiffs' experts could not have provided a basis to deny summary disposition where those experts had no

prior knowledge or experience with the type of accident involved in this case.

We note from the outset that this case is being decided solely on the basis of MCR 2.116(C)(8). Therefore, we can rely only on the pleadings to determine whether plaintiffs' complaint sets forth a claim upon which relief can be granted. Like the trial court, we examine only the pleadings without reference to any other documentary evidence, MCR 2.116(G)(5), in deciding whether defendant owed a duty to plaintiffs, specifically to have placed the telephones in a different location.

Duty is any obligation that the defendant has to the plaintiff to avoid negligent conduct. *Simko, supra* at 655. In negligence actions, the existence of a duty is a question of law for the court. *Id.* In determining whether a duty exists, courts look to different variables, including: foreseeability of the harm, existence of a relationship between the parties involved, degree of certainty of injury, closeness of connection between the conduct and the injury, moral blame attached to the conduct, policy of preventing future harm, and the burdens and consequences of imposing a duty and the resulting liability for breach. *Buczkowski v McKay*, 441 Mich 96, 100-101; 490 NW2d 330 (1992).

Our Supreme Court has held that utility companies are charged with a duty to protect against foreseeable harm. *Groncki v Detroit Edison Co*, 453 Mich 644, 654; 557 NW2d 289 (1996) (BRICKLEY, C.J.), citing *Schultz v Consumers Power Co*, 443 Mich 445, 452; 506

NW2d 175 (1993).[2] In *McMillan v State Hwy Comm*, 426 Mich 46, 58; 393 NW2d 332 (1986), our Supreme Court specifically rejected a rule that a private utility company owes no duty to the occupants of a vehicle that leaves the traveled portion of the road. In *McMillan*, the plaintiff, a passenger in an automobile, was injured when the automobile left the traveled portion of the road and struck a utility pole owned by The Detroit Edison Company. The pole was located in the median approximately three feet from the traveled portion of the road. The Supreme Court stated:

> [W]e are persuaded that the plaintiff should not be precluded, as a matter of law, from presenting her case to the jury. The question whether a duty exists, and the question whether the cause (here, the placement of the poles) was so significant and important to be regarded as a proximate cause of the plaintiff's loss, depends "in part on foreseeability—whether it is foreseeable that the actor's conduct may create a risk of harm to the victim, and whether the result of that conduct and intervening causes were foreseeable." [*Id.* at 61-62, quoting *Moning v Alfono*, 400 Mich 425, 439; 254 NW2d 759 (1977).]

The Supreme Court went on to hold that when reasonable minds may differ regarding the application of the reasonableness of the risk of harm, the question is best left to the jury. *Id.* at 63.

Thus, under certain circumstances, a defendant can be liable for the placement of a utility pole (or, as here, a telephone booth) next to a roadway. The Supreme Court set forth factors a trial court should

---

[2] We would hesitate to cite the Supreme Court's decision in *Groncki* for any rule of law because that case generated five separate opinions from our seven Supreme Court justices. However, this duty is set forth in *Schultz*.

consider in determining whether the risk of harm was
unreasonable:

> [T]he trial court may consider such factors as the loca-
> tion of the pole, its proximity to the roadway, the configura-
> tion of the roadway, whether the utility company had notice
> of previous accidents at that location, and whether alterna-
> tive, less dangerous locations for the pole existed. After
> considering these factors and any other factor which may
> be probative of the issue, the trial court, upon finding that
> reasonable minds could differ as to whether the defendant
> acted negligently in the placement of the pole, should place
> the issue before the jury to decide. [*Id.* at 64.]

We find that plaintiffs' complaint is sufficient to
establish that Michigan Bell owed a duty to them.
Plaintiffs averred that a number of substantially simi-
lar accidents had occurred at or near the intersection
by the party store and specifically listed eight such
accidents. They averred that Michigan Bell knew or
should have known of the frequency of the accidents
at the intersection involving fixed objects. The com-
plaint also contained the geometric set-up of the loca-
tion of the telephones to demonstrate why they were
placed in an unsafe location. The complaint set forth
a location that would have been safer. As the trial
court concluded, and we agree, it was foreseeable
that an automobile could run off the road and hit the
telephones. See, e.g., *McMillan, supra* at 62-64. Thus,
taking all factual allegations supporting the claim as
true, plaintiffs established that Michigan Bell owed
them a duty of care.

The present case is distinguishable from this
Court's decision in *Etter v Michigan Bell Telephone
Co*, 179 Mich App 551; 446 NW2d 500 (1989), where,
under facts very similar to the facts in this case, this

Court held that the defendant owed no duty to the plaintiff. Specifically, this Court found that the plaintiff presented no evidence that there had been any similar accidents at the telephone booth, that there were no practical alternative or less dangerous locations for the telephone booth, and that placing the telephone booth away from the roadway would have made it less accessible to the public. In the present case, plaintiffs have set forth facts in the complaint alleging that there were previous accidents at the telephone booths and that defendant knew or should have known of the frequency of the accidents. Plaintiffs also alleged that the telephones could have been placed at a safer location, further away from the intersection, with no impracticality of accessibility. Plaintiffs also stated in their complaint the proximity of the telephones to the roadway and the configuration of the intersection. Thus, unlike *Etter*, plaintiffs in this case have set forth facts showing that, under the factors set forth in *McMillan*, defendant owed them a duty.

Defendant also argues that the unforeseeable criminal driving of the driver was a superseding, intervening cause that relieves it of any duty it may have had. A superseding cause is one that intervenes to prevent a defendant from being liable for harm to a plaintiff that the defendant's antecedent negligence is a substantial factor in bringing about. *Hickey v Zezulka (On Resubmission)*, 439 Mich 408, 436; 487 NW2d 106 (1992) (BRICKLEY, J.). In order to be a superseding cause, thereby relieving a negligent defendant from liability, an intervening force must not have been reasonably foreseeable. *Id.* at 437. Regardless of the conduct of the driver, it is foreseeable that an automobile

will leave the road for a variety of reasons. Thus, there was no intervening, superseding act that relieved defendant of liability. Moreover, the question with respect to Michigan Bell is whether its placement of the telephone booths was reasonable.

Defendant also argues that it did not owe a duty to Anita Addison because she was a bystander, and therefore, an unforeseeable plaintiff. Because defendant did not raise this issue in its motion for summary disposition before the trial court, it has not been preserved for appellate review. *Auto Club Ins Ass'n v Lozanis*, 215 Mich App 415, 421; 546 NW2d 648 (1996).

Defendant also argues that the danger associated with the location of the telephone was open and obvious, thereby relieving it of any duty to plaintiffs. Because defendant did not raise this issue in its motion for summary disposition before the trial court, it has not been preserved for appellate review. *Id.*

Affirmed.

NEFF, J., concurred.

SAAD, P.J. *(dissenting)*. I respectfully dissent. As is common knowledge, there are many places in any city where pedestrians are clearly at risk if a reckless driver veers off the road. This is true whether one waits at a corner for a light to change or traffic to clear, waits at a bus stop or cab stand, stops to buy a paper from a paper stand or a hot dog from a vendor, or makes a telephone call from any number of locations. Most people would be very surprised to learn, as I am today, that the hot dog vendor, newspaper stand owner or telephone company is responsible in damages if an inexperienced, intoxicated, criminally

reckless driver injures someone who stops to use the vendor's services. Though it is virtually impossible to predict (much less guard against) the wildly erratic driving exemplified by Ruby Greer,[1] my colleagues in the majority impose such an unrealistic duty upon Michigan Bell.

To be sure, the accident was tragic, but so too is the law that is made today thereby proving the old maxim—bad acts make bad law. Not only was the telephone booth in question clearly a reasonable distance from the streets, but plaintiffs' counsel conceded during oral argument[2] that there had never been a car accident involving this telephone stand in its history.[3] That there were car accidents in the vicinity is not terribly relevant because one would be hard pressed to find a major intersection in a city free of

---

[1] As noted in the majority opinion, at the time of the accident, Ms. Greer was admittedly *high on cocaine.* Just minutes previously, she had fled the scene of a robbery *in a panic* attempting to drive herself to safety, even though *she had never driven previously* and she *did not possess a driver's license.*

[2] This concession occurred in response to specific questioning at oral argument on April 1, 1997, during counsel's attempt to argue that Michigan Bell had a duty because there had been forty-four previous car accidents in the vicinity of this intersection (i.e., not involving this or any other telephone stand) and twelve accidents elsewhere in the City of Flint involving telephones in general. Counsel unambiguously admitted that there had been no previous accidents involving this telephone stand.

[3] See *Etter v Michigan Bell Telephone Co,* 179 Mich App 551, 557; 446 NW2d 500 (1989):

When opposing defendant's motion for summary disposition, plaintiff presented little or no evidence that the accident in question was foreseeable. *There were no prior accidents at this location.* The only similar accident involving one of defendant's outdoor phones occurred ten years earlier and at a different location. Considering that defendant has over 11,000 outdoor public telephones in this state, this type of accident cannot be said to be foreseeable so as to give rise to a duty on defendant's part. [Emphasis added.]

car accidents. What is troubling is the majority's unfortunate use of such common-place data to justify the imposition of a duty that, to my mind, violates, among other things, common sense. While I can understand the compassion that may motivate the majority, nonetheless, to shift the responsibility for this tragedy from where it truly belongs—on the impecunious criminal wrongdoer—to the innocent defendant with resources does violence to the law of negligence, which only imposes reasonable duties,[4] and to the law regarding causation,[5] which mandates the sensible conclusion that Ms. Greer caused this accident, not Michigan Bell.

---

[4] See, e.g., *Buczkowski v McKay*, 441 Mich 96, 100; 490 NW2d 330 (1992) ("the duty to use 'reasonable care' is the standard for liability"); *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 100; 485 NW2d 676 (1992) (a defendant "is not an insurer of the safety of an invitee, and his duty is only to exercise reasonable care for the invitee's protection"); *Samson v Saginaw Professional Building, Inc*, 393 Mich 393, 406; 224 NW2d 843 (1975) ("Negligence, however, is not found to exist unless an actor, who is under a duty to act, fails to act after he has perceived or should have perceived an *unreasonable* risk of harm to another.") (emphasis in original); *Babula v Robertson*, 212 Mich App 45, 49; 536 NW2d 834 (1995) ("As a general rule, there is no duty to protect against the criminal acts of a third party absent a special relationship between the defendant and the plaintiff or the defendant and the third person."); *Etter, supra* (Michigan Bell had no duty, as a matter of law, to outdoor public telephone patron injured by out-of-control car).

[5] See, e.g., *Babula, supra* at 54 ("Proximate cause means such cause as operates to produce particular consequences without the intervention of any independent, unforeseen cause, without which the injuries would not have occurred," and *causation may be decided as a matter of law when* "reasonable minds could not differ regarding the proximate cause of the plaintiff's injury."); *Rogalski v Tavernier*, 208 Mich App 302, 306; 527 NW2d 73 (1995) (declining to impose social host liability on parents who provided alcohol, for injuries caused by intervening criminal acts); *Etter, supra* (risk of harm to outdoor public telephone patron injured by out-of-control car was not foreseeable, as a matter of law).