RIDLEY v CITY OF DETROIT

Docket No. 194350. Submitted June 3, 1998, at Lansing. Decided August 25, 1998, at 9:00 A.M. Leave to appeal sought.

Andrew J. Ridley, as personal representative of the estate of Jeffrey Ridley, brought an action in the Wayne Circuit Court against the city of Detroit and Guyanne C. Collins, seeking damages as a result of the death of Jeffrey Ridley. Defendant Collins' automobile had struck Jeffrey Ridley as he was attempting to stand in a traffic lane of Jefferson Avenue in Detroit after having been attacked by a group of men in the middle of the night. Liability on the part of the city was predicated on the allegation that Jefferson Avenue had not been maintained in reasonable repair because, among other things, the streetlights were not functioning on the night that the deceased was killed and had not been functioning for some time. The court, Cynthia D. Stephens, J., denied the city's motion for summary disposition based on governmental immunity insofar as it related to the plaintiff's claim that the deceased's being struck by Collins' automobile was proximately caused by the city's failure to maintain the street in reasonable repair, finding that the claim, if proved, fell within the highway exception to statutory governmental immunity. Following a bench trial, the court, Daniel J. Van Antwerp, J., found that the deceased died as a result of being struck by Collins' automobile, that the city was negligent in failing to maintain the street in good repair by reason of the failure to maintain the street lighting, and that the failure to provide street lighting was a proximate cause of the deceased's death. The court again determined that the defense of governmental immunity was not available to the city and returned a finding of damages in favor of the plaintiff. The city appealed.

The Court of Appeals *held*:

1. Section 7 of the governmental liability act, MCL 691.1407; MSA 3.996(107) provides that all governmental agencies are immune from tort liability for actions taken in furtherance of a governmental function except as provided by statute. Subsection 2(1) of the act, MCL 691.1402(1); MSA 3.996(102)(1), is one of those statutory exceptions to the general statutory grant of governmental immunity and imposes on a governmental agency having jurisdiction over a highway liability for injuries caused by the agency's failure to main-

tain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Although subsection 2(1) limits the state's and counties' duties to the repair and maintenance of the improved portion of the highway designed for vehicular traffic, no similar statutory limitation with respect to the duty to maintain and the liability for the failure to discharge that duty has been afforded other governmental agencies. Accordingly, the trial court did not err in holding that the city's duty of care to maintain the streets under its jurisdiction in reasonable repair was not limited to maintaining the improved portion of the highway designed for vehicular travel.

2. Subsection 1(e) of the governmental liability act, MCL 691.1401(e); MSA 3.996(101)(e), specifically excludes "utility poles" from its definition of "highway." Although the term "utility poles" is not defined in the act, it appears that the Legislature did not intend that municipally owned streetlights would be included within the meaning of utility poles for the purpose of this act.

3. The trial court did not err in finding that the city's failure to provide adequate lighting was an unreasonably unsafe condition for which the city could be held liable pursuant to the highway exception to the general statutory grant of governmental immunity.

4. The trial court, as the trier of fact, did not clearly err in finding that the lack of street lighting was a proximate cause of the deceased's death.

5. The act of the gang of men who beat the deceased and left him in the street does not constitute a superseding cause that relieves the city of its liability for its failure to provide adequate lighting, because it was foreseeable that a pedestrian might be in the street for a variety of other reasons.

6. The trial court did not abuse its discretion in refusing to take additional expert testimony concerning the effect of the lack of street lighting and in refusing to amend its findings. The additional expert testimony was unnecessary and would have been cumulative.

Affirmed.

SAWYER, J., dissenting, stated that the matter should be reversed on the basis that the city is immune from liability because a streetlight is a utility pole and, therefore, is specifically excluded from the definition of highway as that term is used in the highway exception to the general statutory grant of governmental immunity.

1. GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — MUNICIPALITIES.

The duty of a municipality to maintain a highway in reasonable repair and in a condition reasonably safe and fit for travel, a breach of

which renders the municipality liable in tort pursuant to the highway exception to governmental immunity, is not restricted to the improved portion of the highway designed for vehicular travel (MCL 691.1402[1]; MSA 3.996[102][1]).

2. GOVERNMENTAL IMMUNITY — HIGHWAYS — UTILITY POLES — STREETLIGHTS.

A municipally owned streetlight is not a utility pole within the exclusionary language of the definition of the term "highway" as used in the governmental liability act (MCL 691.1401[e]; MSA 3.996[101][e]).

3. GOVERNMENTAL IMMUNITY — HIGHWAYS — MUNICIPALITIES — LIGHTING.

The failure of a municipality to provide adequate lighting of the streets under its control can constitute a breach of the duty imposed by the highway exception to statutory governmental immunity to maintain highways in reasonable repair so that they are reasonably safe and convenient for public travel (MCL 691.1402[1]; MSA 3.996[102][1]).

*Frank K. Penirian, Jr.,* for the plaintiff.

*Phyllis A. James,* Corporation Counsel, and *Joanne D. Stafford,* Chief Assistant Corporation Counsel, for the city of Detroit.

Before: SAWYER, P.J., and KELLY and DOCTOROFF, JJ.

DOCTOROFF, J. Defendant city of Detroit appeals as of right from a judgment entered in favor of plaintiff after a bench trial. We affirm.

On July 25, 1992, at approximately midnight, Jeffrey Ridley was attacked on Jefferson Avenue by a group of eight to ten men. After the beating, Jeffrey tried to stand, but was struck by an automobile driven by defendant Collins[1] and knocked down. Jeffrey was struck again by another automobile a minute or two later. He died. Several witnesses at trial testified that the street lights along Jefferson Avenue were not functioning on the night Jeffrey was killed and had

---

[1] Defendant Collins is not a party to this appeal.

not been functioning for some time. The trial court found that defendant had been negligent in failing to provide street lighting and found liability and damages for plaintiff.

Defendant first argues on appeal that the trial court erred in concluding that the city of Detroit was not entitled to immunity under MCL 691.1407; MSA 3.996(107). We disagree. Questions of law are subject to review de novo. *Bieszck v Avis Rent-A-Car System, Inc*, 224 Mich App 295, 297; 568 NW2d 401 (1997), rev'd on other grounds 459 Mich 9; 583 NW2d 691 (1998).

Generally, all government agencies are immune from tort liability for actions taken in furtherance of a governmental function. MCL 691.1407; MSA 3.996(107). One exception to governmental immunity is that a government agency having jurisdiction over a highway is liable for injuries caused by the government agency's failure to maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. MCL 691.1402(1); MSA 3.996(102)(1).[2] Defendant argues that it is entitled to

---

[2] The Supreme Court recently addressed the issue whether the highway exception to governmental immunity applies to accidents involving pedestrians. *Suttles v Dep't of Transportation*, 457 Mich 635; 578 NW2d 295 (1998). In separate opinions, a majority of the Court held that the highway exception applies to pedestrians' claims against states or counties only in limited situations. An opinion by Justice CAVANAGH, joined by Justices BRICKLEY and KELLY, and opinions by Justice WEAVER and Justice TAYLOR held that the plaintiff's claim should go forward if the plaintiff alleges that the defect was in the improved portion of the highway, even if the injury occurred in a crosswalk. *Id.* at 654-655, 660. Chief Justice MALLETT and Justice BOYLE held that pedestrians who are injured while in a crosswalk do not come within the highway exception to governmental immunity. *Id.* at 653. The opinions in *Suttles* do not affect the analysis of the present case, because the *Suttles* decision turned on the statutory language limiting liability of states and counties to defects in the improved

immunity because its liability under the highway exception is limited to defects that arise out of its failure to keep the improved portion of the highway designated for vehicular travel in reasonable repair. We disagree.

MCL 691.1402(1);  MSA 3.996(102)(1)  provides in pertinent part:

> The duty of the *state* and the *county* road commissions to repair and maintain highways, and the liability for that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel. (Emphasis added).

By its plain language, this statute limiting the scope of the duty and liability under the highway exception expressly applies only to state and county road commissions. This Court has consistently construed this statute to mean that the limitation of liability does not apply to municipalities such as defendant. *Cox v Dearborn Heights*, 210 Mich App 389, 393; 534 NW2d 135 (1995); *Davis v Chrysler Corp*, 151 Mich App 463, 469; 391 NW2d 376 (1986). Furthermore, the statute was amended effective March 25, 1996, and the Legislature did not change the language that specifically refers to states and counties but not municipalities. "It is a well-established principle of statutory construction that the Legislature is presumed to act with knowledge of this Court's statutory interpretations." *Broadwell v Dep't of State*, 213 Mich App 306, 309; 539 NW2d 585 (1995). Therefore, the trial court

---

portion of the highway designed for vehicular travel, a limitation of liability that does not apply to municipalities such as defendant.

did not err in ruling that defendant was not entitled to immunity by reason of the improved-portion limitation of the highway exception found in MCL 691.1402; MSA 3.996(102).

Defendant also argues that it could not have been liable because a municipal streetlight pole is a utility pole and, thus, is specifically excluded from the definition of a "highway" for the purpose of the highway exception to governmental immunity. MCL 691.1401(e); MSA 3.996(101)(e) provides:

> "Highway" means every public highway, road, and street which is open for public travel and shall include bridges, sidewalks, crosswalks, and culverts on any highway. The term highway does not include alleys, trees, and utility poles.

In *Davis, supra* at 470, this Court held that a municipality may be liable for failing to maintain and repair streetlight poles. However, as the dissent notes, the opinion in *Davis* was released before the above-quoted language was added to the statute. Therefore, we must determine whether the Legislature intended street lighting to be included in the definition of "utility poles."[3]

The fundamental purpose of statutory construction is to discover and give effect to the intent of the Legislature. *Ansell v Dep't of Commerce (On Remand)*, 222 Mich App 347, 355; 564 NW2d 519 (1997). Once discovered, the Legislature's intent must prevail, any existing rule of construction to the contrary notwithstanding. *Id.* Where reasonable minds may differ con-

---

[3] This Court declined to address this issue in *Scheurman v Dep't of Transportation*, 162 Mich App 774, 780, n 1; 413 NW2d 496 (1987), rev'd 434 Mich 619; 456 NW2d 66 (1990).

cerning the meaning of the statute, we look to the objective of the statute and the harm it is designed to remedy and apply a reasonable construction that best accomplishes the Legislature's purpose. *Id.* The legislative purpose for the highway exception is to enhance the safety of travel on public highways. *Chaney v Dep't of Transportation*, 447 Mich 145, 154; 523 NW2d 762 (1994). Streetlights, unlike utility poles, are intended to improve highway safety by providing adequate illumination. Therefore, we conclude that street lighting is not included within the definition of "utility poles" for purposes of the highway exception.

Defendant next argues that the lack of adequate lighting on Jefferson Avenue was not a hazardous or unreasonably unsafe condition. This Court has not definitively ruled regarding the issue whether inadequate lighting on a highway is a defect for which a municipality may be liable under MCL 691.1402; MSA 3.996(102). This Court and the Michigan Supreme Court have held that neither a state nor a county may be liable for inadequate street lighting because illumination or lack of illumination does not constitute part of the "improved portion of the highway designed for vehicular travel." See, e.g., *Scheurman v Dep't of Transportation*, 434 Mich 619, 623; 456 NW2d 66 (1990); *Alpert v Ann Arbor*, 172 Mich App 223, 230; 431 NW2d 467 (1988); *Zykowski v Habelmann (On Remand)*, 169 Mich App 98, 104; 425 NW2d 711 (1988). However, as discussed above, the provision that limits liability for defective highways only to the improved portion of the highway designed for vehicular travel does not apply to municipalities. MCL 691.1402; MSA 3.996(102). Therefore, these cases are

not dispositive of the issue presently before this Court.

The determination of reasonableness in the context of liability of a governmental agency to maintain highways "must necessarily be made by overview of the factors of a given case, such as the danger imposed by the defective article or lack of safety device or design, the increase in safety provided by the new device or design, the cost of repair or installation, and others." *Hall v Dep't of State Hwys*, 109 Mich App 592, 605; 311 NW2d 813 (1981). Under the circumstances of this case, we find that the inadequate lighting on Jefferson Avenue was an unreasonably unsafe condition for which defendant may be held liable. Jefferson Avenue is a heavily traveled road in a densely populated urban area. Witnesses testified that the street lights had been out for two months or more and that the area was very dark. One witness testified that when the street lights were functioning, the area was very well lit. Given the danger imposed on pedestrians and motorists, we find that the lack of illumination on Jefferson Avenue created an unreasonably unsafe condition.

Defendant next argues that the lack of lighting on Jefferson Avenue was not a proximate cause of Jeffrey's death. We disagree. Ordinarily, the determination of proximate cause is left to the trier of fact. *Babula v Robertson*, 212 Mich App 45, 54; 536 NW2d 834 (1995). A trial court's findings of fact may not be set aside unless clearly erroneous. MCR 2.613(C); *Andrews v Pentwater Twp*, 222 Mich App 491, 493; 563 NW2d 713 (1997). A finding is clearly erroneous when, although there is evidence to support it, the

reviewing court is left with the definite and firm conviction that a mistake has been made. *Id.*

The question whether wrongful conduct is so significant and important as to be considered a proximate cause of an injury depends in part on foreseeability. *Moning v Alfono,* 400 Mich 425, 439; 254 NW2d 759 (1977); *Ross v Glaser,* 220 Mich App 183, 192; 559 NW2d 331 (1996). A proximate cause is one that operates to produce particular consequences without the intervention of any independent, unforeseen cause, without which the injury would not have occurred. *Id.* at 192-193. The determination whether wrongful conduct may be considered a proximate cause of an injury involves a determination whether the connection between the wrongful conduct and the injury is of such a nature that it is socially and economically desirable to hold the wrongdoer liable. *Id.* The trial court found that had the lights on Jefferson Avenue been functioning, the oncoming traffic would have seen Jeffrey lying on the street and had time to avoid hitting him. The trial court did not clearly err in reaching this conclusion.

Defendant also argues that the actions of the gang that beat Jeffrey were a superseding cause that relieved them of liability. We disagree. A superseding cause is one that intervenes to prevent a defendant from being liable for harm to a plaintiff that the defendant's antecedent negligence is a substantial factor in bringing about. *Brown v Michigan Bell Telephone, Inc (On Remand),* 225 Mich App 617, 625; 572 NW2d 33 (1997). In order to be a superseding cause, thereby relieving a negligent defendant from liability, an intervening force must not have been reasonably foreseeable. *Hickey v Zezulka (On Resubmission),*

439 Mich 408, 437; 487 NW2d 106 (1992). Regardless of the conduct of the men who beat Jeffrey, it is foreseeable that a pedestrian would be in the roadway for a variety of reasons. Therefore, there was no intervening, superseding cause that relieved defendant of liability. See *Brown, supra* at 625-626.

Finally, defendant argues that the trial court erred in refusing to take additional testimony from an expert witness and in refusing to amend its findings of fact under MCR 2.611(A)(2)(c). We disagree. A trial court's decision to admit expert testimony under MRE 702 or to exclude it as speculative is reviewed for an abuse of discretion. *Phillips v Deihm*, 213 Mich App 389, 401; 541 NW2d 566 (1995). The trial court found that an expert witness was not necessary to establish whether the lack of illumination caused Jeffrey's death because the evidence showed that three cars did not see him in the road. Therefore, any expert testimony regarding the effect of the inadequate lighting would have been cumulative, and the trial court did not abuse its discretion in refusing defendant's request.

Affirmed.

Kelly, J., concurred.

Sawyer, P.J. (*dissenting*). I respectfully dissent.

I agree with defendant that this case is specifically excluded from the public highway exception to governmental immunity because the light pole is a utility pole.

As the majority acknowledges, all governmental agencies are immune from tort liability for actions conducted while engaged in a governmental function. MCL 691.1407; MSA 3.996(107). The exceptions to

this immunity are provided for in the governmental immunity statute itself, MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.* One such exception is contained in MCL 691.1402; MSA 3.996(102), which imposes a duty on governmental agencies to maintain highways (though state and county road commissions have a more limited duty than municipalities under the statute). Defendant, as a municipal corporation is a governmental agency, MCL 691.1401(d); MSA 3.996(101)(d). Defendant has a duty to maintain highways under its jurisdiction and, as the majority points out, is not subject to the more restricted duty imposed on state and county road commissions. Furthermore, MCL 691.1401(e); MSA 3.996(101)(e) defines "highway" as follows:

> "Highway" means every public highway, road, and street which is open for public travel and shall include bridges, sidewalks, crosswalks, and culverts on any highway. The term highway does not include alleys, trees, and utility poles.

I believe the logic is clear and inescapable: defendant is generally immune from tort liability. It is, however, liable for the maintenance of its highways. Highways, by definition, do not include utility poles. A streetlight is a utility pole. Therefore, defendant does not have a duty to maintain it, and thus, defendant is immune from tort liability for any claim based on the failure to maintain the streetlight.

The majority relies on this Court's decision in *Davis v Chrysler Corp*, 151 Mich App 463; 391 NW2d 376 (1986), for the proposition that a municipality may be liable for failing to maintain streetlight poles. However, as the majority acknowledges, *Davis* was

decided under an earlier definition of "highway." Before June 1, 1986, the final sentence of MCL 691.1401(e); MSA 3.996(101)(e) merely provided that "highway" did not include alleys. The terms "trees" and "utility poles" were added by 1986 PA 175, which amended the definition effective July 1, 1986. The *Davis* case was decided on May 6, 1986, under the language of the statute before its amendment. Therefore, the *Davis* decision has no effect on the case at bar, which arose after July 1, 1986.

For the above reasons, I conclude that the trial court erred in concluding that this case comes within the highway exception to governmental immunity. I would hold that the "utility pole" exclusion to the highway exception applies, and therefore, defendant is immune from suit.

I would reverse.